■ LOUIS FELICE, Appellant, v. IRA N. GERSHKON, Respondent.— In a negligence action to recover damages for personal injuries, plaintiff appeals from a judgment of the Supreme Court, Nassau County, dated November 23, 1965, in favor of defendant, upon the trial court's dismissal of the complaint at the end of plaintiff's case upon a jury trial. Judgment reversed, on the law, and new trial granted, with costs to abide the event. The questions of fact have not been considered. Since the complaint was dismissed without submitting the case to the jury, this court must consider the facts and inferences therefrom in the light most favorable to plaintiff. Section 1144 of the Vehicle and Traffic Law grants the right of way to an authorized emergency vehicle whose light and siren are visible and audible. It further provides that other vehicles in the

immediate vicinity of such emergency vehicle shall yield the right of way and, among other precautions, stay clear of intersections. Plaintiff, a Nassau County patrolman, was traveling as a passenger in the back of a police ambulance which was returning from an accident scene and was proceeding west on Old Country Road in Nassau County. Traffic was bumper-to-bumper in the eastbound lanes of the road. At the intersection of Old Country Road and Division Avenue there was an opening for those drivers who wanted to turn into Old Country Road from Division Avenue. Plaintiff's witnesses testified that the siren and light were working properly on the ambulance. At this intersection the ambulance collided with defendant's automobile, damaging the left side of the ambulance, which had to be removed from the scene. Defendant's statement to the police and portions of his examination before trial, introduced into evidence by plaintiff, indicated that defendant's car was traveling up Division Avenue. He entered this intersection in order to make a left turn. He claimed in his examination before trial and his statement to the police that he was standing still in the intersection, looking in both directions, when he was hit by the ambulance, that he never heard the siren, and that he first saw its light when the ambulance was 15 to 20 feet away. In our opinion, the circumstances herein, as presented by the evidence, raised questions of fact for the jury's determination. It was for the jury to determine whether or not defendant acted reasonably in entering or remaining in the intersection when, upon the most favorable inferences to be drawn for plaintiff, the ambulance was coming toward the intersection with its siren and light audible and visible (*Wood* v. *County of Broome*, 13 A D 2d 881, mot. for lv. to app. den. 10 N Y 2d 707; *Meighan* v. *Wehnau*, 17 A D 2d 879; *County of Broome* v. *Binghamton Taxicab Co.*, 276 App. Div. 438). Moreover, we are also of the opinion that, in any event, there was an improvident exercise of discretion by the trial court in denying plaintiff's application to reopen his case before any offer of proof by defendant. There was no showing of any prejudice to defendant, and defendant, whom plaintiff wanted to put on the stand, was immediately available in the courtroom (*Central Islip Coop. G. L. F. Serv.* v. *Tsantes*, 17 A D 2d 852; *Tripi* v. *Stillwell*, 22 A D 2d 759). Christ, P. J., Munder, Martuscello, Latham and Kleinfeld, JJ., concur.