In the Matter of STATE OF NEW YORK, Respondent, v STEVEN L., Appellant. [887 NYS2d 190]—

In a proceeding pursuant to Mental Hygiene Law article 10 for the civil management of Steven L., an alleged sex offender requiring civil management, Steven L. appeals from an order of commitment of the Supreme Court, Westchester County (Bellantoni, J.), entered June 23, 2008, which, upon, inter alia, a finding made after a jury trial that he suffers from a mental abnormality as defined in Mental Hygiene Law § 10.03 (i), and a finding made after a dispositional hearing that he currently is a dangerous sex offender requiring confinement, granted the petition and directed that he be committed to a secure treatment facility for care and treatment.

Ordered that the order of commitment is affirmed, without costs or disbursements.

The State of New York commenced this proceeding pursuant to Mental Hygiene Law article 10, also known as the Sex Offender Management and Treatment Act (hereinafter SOMTA), for the civil management of Steven L. (hereinafter the appellant), an alleged sex offender requiring civil management. After certain other procedural steps, not at issue on this appeal, the

Supreme Court conducted a jury trial, and a unanimous jury found that the appellant, established to be a "detained sex offender" under SOMTA, suffers from a "mental abnormality" as that phrase is defined in SOMTA (*see* Mental Hygiene Law § 10.07 [c], [d]; *see also* Mental Hygiene Law § 10.03 [g], [i]).

Thereafter, the Supreme Court conducted a dispositional hearing after which it found that the mental abnormality from which the appellant suffers involves such a strong predisposition to commit sex offenses, and such an inability to control behavior, that he is likely to be a danger to others and to commit sex offenses if he is not confined to a secure treatment facility (*see* Mental Hygiene Law § 10.07 [f]). Based on that finding, the Supreme Court made the mandatory dispositional finding that the appellant is a dangerous sex offender requiring confinement, granted the petition, and directed that he be committed to a secure treatment facility for care and treatment (*id.*).

Contrary to the appellant's contention, the Supreme Court providently exercised its discretion in permitting the appellant's former wife to testify at the trial regarding sexual offenses he committed against her and her child, since the probative value of such testimony, which the State's expert permissibly and expressly considered in giving her opinion testimony (*see Wagman v Bradshaw*, 292 AD2d 84, 87 [2002]), outweighed its prejudicial impact (*see Matter of State of New York v C.B.*, 23 Misc 3d 1130[A], 2009 NY Slip Op 51010[U] [2009]). Moreover, the Supreme Court providently exercised its discretion in denying the appellant's request to depose his former wife, since he failed to demonstrate the need for such relief (*see Matter of Town of Pleasant Val. v New York State Bd. of Real Prop. Servs.*, 253 AD2d 8, 15 [1999]).

Also contrary to the appellant's contention, the Supreme Court properly permitted a psychologist to testify at the trial regarding a statement made to him by the appellant, since the appellant did not meet his burden of proving (1) the existence of a psychologist-client relationship between himself and the psychologist, and (2) that the statement was a confidential communication made by him to the psychologist for the purpose of obtaining the psychologist's professional services (*see* CPLR 4507; *People v Wilkins*, 65 NY2d 172, 178-180 [1985]; *Matter of Priest v Hennessy*, 51 NY2d 62, 69 [1980]; *Gendal v Billotti*, 12 Misc 3d 1189[A], 2006 NY Slip Op 51503[U], *3 [2006]).

Contrary to the appellant's contention, the Supreme Court properly found, after the dispositional hearing, by clear and convincing evidence, that the appellant's level of dangerousness requires that he be confined rather than be subject to strict and

intense supervision (*see* Mental Hygiene Law § 10.07 [f]; *see generally People v Brooks*, 19 Misc 3d 407, 413-415 [2008]).

In light of the foregoing, we need not reach the appellant's remaining contention. Rivera, J.P., Florio, Miller and Austin, JJ., concur.