■ In the Matter of STATE OF NEW YORK, Respondent, v STANLEY D., Appellant. [892 NYS2d 125]—

In 2003 Stanley D. (hereinafter the appellant) was convicted of two counts of sexual abuse in the first degree and sentenced to a determinate term of imprisonment of five years, with five years of postrelease supervision. Prior to his release in August 2007, the State of New York commenced this proceeding pursuant to Mental Hygiene Law article 10, also known as the Sex Offender Management and Treatment Act (hereinafter SOMTA), for the civil management of the appellant, an alleged sex offender requiring civil management. The Supreme Court conducted a probable cause hearing pursuant to Mental Hygiene Law § 10.06 (g), and determined that there was probable cause to believe that the appellant was a sex offender requiring civil management. The Supreme Court then conducted a jury trial, and a unanimous jury found that the appellant, who was proven

to be a "detained sex offender" under SOMTA, suffers from a "mental abnormality" as that phrase is defined in SOMTA (Mental Hygiene Law § 10.07 [c], [d]; *see* Mental Hygiene Law § 10.03 [g], [i]).

Thereafter, the Supreme Court conducted a dispositional hearing, after which it determined that the mental abnormality from which the appellant suffers involves such a strong predisposition to commit sex offenses, and such an inability to control his behavior, that he is likely to be a danger to others and to commit sex offenses if he is not confined to a secure treatment facility (*see* Mental Hygiene Law § 10.07 [f]). Based on that determination, the Supreme Court made the mandatory dispositional finding that the appellant is a dangerous sex offender requiring confinement, granted the petition, and directed that he be committed to a secure treatment facility for care and treatment (*id.*).

The appellant contends that the Supreme Court improperly allowed Dr. Vanessa Baker, a licensed psychologist, to offer expert testimony at the probable cause hearing, and improperly admitted her report into evidence at the probable cause hearing. These contentions are without merit, since Baker was qualified to offer her expert opinion that the appellant suffered from a mental abnormality as defined in article 10 of the Mental Hygiene Law, even though the Supreme Court did not formally declare or certify her to be an expert (*see People v Prowse,* 60 AD3d 703, 704 [2009]; *Breland v Jamaica Hosp. Med. Ctr.,* 49 AD3d 789, 790 [2008]; *Erbstein v Savasatit,* 274 AD2d 445 [2000]; *see generally Behar v Coren,* 21 AD3d 1045 [2005]).

The appellant further contends that a videotape interview between himself and the psychiatrist who conducted a statutorily-required evaluation, which was played to the jury, was prejudicial because he was handcuffed during the interview. The probative value of the interview outweighed its prejudicial impact in light of the fact that the jury already knew that the appellant had been convicted of a sex offense (*see generally Matter of State of New York v Steven L.,* 66 AD3d 788 [2009]).

The appellant's remaining contention is without merit. Rivera, J.P., Dillon, Miller and Roman, JJ., concur.