■ In the Matter of STATE OF NEW YORK, Respondent, v DERRICK B., Appellant. [892 NYS2d 140]—

The instant appeal arises from a proceeding under article 10 of the Mental Hygiene Law, also known as the Sex Offender Management and Treatment Act (hereinafter SOMTA). In 1994 the appellant was convicted, upon a plea of guilty, of sexual abuse in the first degree, based on an incident of alleged rape that occurred on May 14, 1993 and the appellant was sentenced to an indeterminate term of incarceration of 2½ to 5 years. After the appellant served that sentence, he left the state, but was extradited back to New York in early 2003 and was arrested and charged in connection with a separate alleged rape that had occurred on February 5, 1993. In 2003 the appellant again was convicted, upon a plea of guilty, of the crime of sexual abuse in the first degree, based on the incident that occurred on February 5, 1993. The appellant was sentenced to an indeterminate term of 3 to 6 years of incarceration in connection with that incident.

In December 2007, as the appellant's release date approached, the Commissioner of the New York State Office of Mental Health appointed a case review team to conduct an evaluation (*see* Mental Hygiene Law § 10.05 [a], [d], [e]). Based on the report of the case review team, the Attorney General filed the instant petition for civil management of the appellant pursuant to SOMTA. The Supreme Court then conducted a probable cause hearing, as required by Mental Hygiene Law § 10.06 (g). The Supreme Court found that there was probable cause to believe that civil management was required. The appellant was represented by counsel at the probable cause hearing and at all subsequent proceedings.

As required by Mental Hygiene Law § 10.07, the Supreme Court conducted a jury trial as to the issue of whether the appellant suffered from a "mental abnormality" (Mental Hygiene Law § 10.07 [a]). The statute defines a "mental abnormality" as "a congenital or acquired condition, disease or disorder that affects the emotional, cognitive, or volitional capacity of a person in a manner that predisposes him or her to the commission of

conduct constituting a sex offense and that results in that person having serious difficulty in controlling such conduct" (Mental Hygiene Law § 10.03 [i]). The jury unanimously found that the appellant, a detained sex offender, was a person who suffered from a mental abnormality. The Supreme Court then conducted a dispositional hearing, at which additional evidence was offered (*see* Mental Hygiene Law § 10.07 [f]). At the conclusion of the dispositional hearing, the Supreme Court found that the appellant was a "dangerous sex offender requiring civil confinement," and ordered such confinement.

The appellant contends that the State failed to establish by legally sufficient proof that he suffered from a mental abnormality. He also argues that the jury's finding that he suffered from a mental abnormality was not based on a fair interpretation of the evidence.

A court may set aside a jury verdict as legally sufficient and enter judgment as a matter of law only where "there is simply no valid line of reasoning and permissible inferences which could possibly lead rational men to the conclusion reached by the jury on the basis of the evidence presented at trial" (*Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]). A verdict that is supported by legally sufficient evidence may nonetheless be set aside as contrary to the weight of the evidence, and a new trial may be ordered, if the evidence so preponderates in favor of the movant that the verdict could not have been reached on any fair interpretation of the evidence (*see Grassi v Ulrich*, 87 NY2d 954, 956 [1996]; *Nicastro v Park*, 113 AD2d 129, 132-133 [1985]; *see also Matter of Luis A.*, 13 AD3d 441, 442 [2004]; *Matter of Seltzer v Hogue*, 187 AD2d 230, 237 [1993]).

Here, the jury's finding was based on a fair interpretation of the evidence, in light of, inter alia, the fact that both the State's expert and the expert psychiatrist designated by the appellant diagnosed him with "Cognitive Disorder N[ot] O[therwise] S[pecified]." Both experts indicated that the diagnosis was provisional, in light of the fact that the appellant reported a childhood head injury that could not be verified. Nonetheless, both experts testified that the appellant demonstrated various symptoms that are consistent with a cognitive disorder caused by a traumatic brain injury. The State's expert also testified, among other things, that the appellant demonstrated an "inability to control his behavior," "executive functioning" problems, and "hypersexual" behavior, and that those symptoms were related to his cognitive disorder. She further testified that, as a result of that disorder and the resulting symptoms, the appellant was predisposed to committing sex offenses, and had

serious difficulty controlling that behavior. Under these circumstances, the jury's verdict that the appellant suffered from a mental abnormality was supported by a fair interpretation of the evidence (*see* Mental Hygiene Law § 10.03 [i]; § 10.07 [a]; *see also Matter of State of New York v Donald N.*, 63 AD3d 1391, 1394-1395 [2009]; *see generally Matter of John N.*, 52 AD3d 834, 835-836 [2008]).

Additionally, the evidence upon which the jury made its determination was also legally sufficient to support the verdict since there was a valid line of reasoning by which the jury could conclude that the appellant suffered from a mental abnormality based on the evidence presented at trial (*see Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]).

The appellant further contends that the Supreme Court erred in finding, at the dispositional hearing, that he currently is a "dangerous sex offender requiring [civil] confinement" (*see* Mental Hygiene Law § 10.07 [f]). However, at the dispositional hearing, evidence was presented with respect to, inter alia, the appellant's history of sex offenses and repeated parole violations. The State also presented credible evidence that the appellant had failed to benefit from sex offender treatment. In particular, the appellant had not formulated an adequate relapse prevention plan, and continued to experience "executive functioning" and impulse control problems related to his mental condition. It was undisputed that the appellant had not previously received specialized treatment for sex offenders with cognitive disorders. Moreover, the appellant acknowledged, in connection with a 2007 sex offender treatment program, that he suffered from unusual sexual urges. Under these circumstances, the Supreme Court did not err in finding the appellant to be a dangerous sex offender requiring civil confinement, and in ordering secure confinement for the purposes of treatment and to protect the community (*see* Mental Hygiene Law § 10.07 [f]; *Matter of State of New York v Donald N.*, 63 AD3d at 1394-1395). Mastro, J.P., Florio, Balkin and Leventhal, JJ., concur.