■ In the Matter of STATE OF NEW YORK, Respondent, v ANGEL A., Appellant. [904 NYS2d 724]—

In a proceeding pursuant to Mental Hygiene Law article 10 for the civil management of Angel A., an alleged sex offender requiring civil management, Angel A. appeals from an order of the Supreme Court, Kings County (Dowling, J.), dated August 6, 2009, which denied his motion to dismiss the petition.

Ordered that the order is affirmed, without costs or disbursements.

On December 10, 1997, Angel A. (hereinafter the appellant) was convicted, upon his plea of guilty, of sodomy in the first degree, and sentenced to a determinate term of imprisonment of 10 years. On June 30, 2006, his conditional release date, he was admitted directly to the Central New York Psychiatric Center (hereinafter CNYPC) for an additional 60 days upon the application of the New York State Department of Correctional Services (hereinafter DOCS) for involuntary care pursuant to Mental Hygiene Law § 9.27. In August 2006 CNYPC moved to retain the appellant for an additional six-month period (*see* Mental Hygiene Law § 9.33). In response, the appellant requested a hearing on September 21, 2006, and designated venue in Kings County. In October 2006 CNYPC moved to transfer venue for the hearing to Oneida County. In January 2007 CNYPC's motion was granted.

In March 2007 the New York Legislature enacted the Sex Offender Management and Treatment Act as article 10 of the Mental Hygiene Law, and it became effective on April 13, 2007. Shortly thereafter, in June 2007, the Court of Appeals, in *State of N.Y. ex rel. Harkavy v Consilvio* (8 NY3d 645 [2007]), determined that individuals who had been committed under article 9 of the Mental Hygiene Law would be afforded the opportunity to have the issue of commitment adjudicated under the new protections of article 10. In September 2007 the New York State Office of Mental Health (hereinafter the OMH) notified the appellant that his file was being reviewed for confinement pursuant to article 10 of the Mental Hygiene Law. In October 2007 the OMH provided the Attorney General with notice that the appellant may be a "detained sex offender" within the meaning of Mental Hygiene Law article 10 (*see* Mental Hygiene Law § 10.05).

On January 4, 2008, the Attorney General filed a petition in the Supreme Court, Oneida County, pursuant to Mental Hygiene Law article 10 for the civil management of the appellant (*see* Mental Hygiene Law § 10.06 [a]). The appellant moved to transfer venue to Kings County. After the appellant's motion was granted, the Supreme Court conducted a probable cause hearing (*see* Mental Hygiene Law § 10.06 [g]). In an order dated August 18, 2008, the Supreme Court found that there was probable cause to believe that the appellant was a detained sex offender requiring civil management. Subsequently, the appellant moved to dismiss the petition. In an order dated August 6, 2009, the Supreme Court denied his motion. We affirm.

As relevant to the instant matter, Mental Hygiene Law article 10 defines a "detained sex offender" as a:

"person who is in the care, custody, control, or supervision of an agency with jurisdiction, with respect to a sex offense or designated felony, in that the person is . . .

"[a] person convicted of a sex offense who is, or was at any time after September [1, 2005], a patient in a hospital operated by [the OMH], and who was admitted directly to such facility pursuant to article nine of this title or section [402] of the correction law upon release or conditional release from a correctional facility, provided that the provisions of this article shall not be deemed to shorten or lengthen the time for which such person may be held pursuant to such article or section respectively" (Mental Hygiene Law § 10.03 [g] [5]).

An agency with jurisdiction is defined as "that agency which, during the period in question, would be the agency responsible for supervising or releasing such person," and can include, among others, DOCS and the OMH (*see* Mental Hygiene Law § 10.03 [a]).

Here, the Supreme Court properly denied the appellant's motion to dismiss the petition since he is a "detained sex offender" as defined by Mental Hygiene Law § 10.03 (g) (5) (*see State of N.Y. ex rel. Harkavy v Consilvio*, 8 NY3d at 651-652; *Matter of State of New York v Blair*, 69 AD3d 15, 19 [2009]; *Matter of Larry TT.*, 68 AD3d 1229, 1230 [2009]). In this regard, he was convicted of sodomy in the first degree, a sexual offense, and was admitted directly to CNYPC, an OMH facility, pursuant to Mental Hygiene Law article 9 upon his release from prison on June 30, 2006. Moreover, since his admission to that facility, the appellant has remained continuously in the custody of the OMH, an agency with jurisdiction under Mental Hygiene Law article 10 (*see* Mental Hygiene Law § 10.03 [a]).

The appellant contends, however, that he was not in lawful

custody at the time the notice pursuant to Mental Hygiene Law article 10 was provided to him. He argues that the OMH violated the procedures set forth in Mental Hygiene Law article 9 by continuing to retain him without a hearing or the issuance of an order of retention. The appellant's contention is without merit (*see generally People ex rel. Joseph II v Superintendent of Southport Correctional Facility*, 15 NY3d 126 [2010]). Here, the State complied with the requirements of Mental Hygiene Law article 9, and then commenced its review of the appellant pursuant to Mental Hygiene Law article 10 three months after the Court of Appeals issued its decision in *State of N.Y. ex rel. Harkavy v Consilvio* (8 NY3d 645 [2007]). Specifically, the record reveals that, prior to the expiration of the initial 60-day retention order, CNYPC made a timely motion in August 2006 to extend the appellant's confinement at its facility for an additional six months (*see* Mental Hygiene Law § 9.31 [a]). Although apparently no additional retention order was issued, Mental Hygiene Law § 9.33 (a) provides that if a timely application for continued retention is made, "the hospital is authorized to retain the patient for such further period during which the . . . application may be pending." While the appellant claims that his request for a retention hearing, made on September 21, 2006, was disregarded by the State for several months, the record does not reflect the reasons for the delay in conducting a hearing pursuant to Mental Hygiene Law article 9. Moreover, under these particular circumstances, the proper remedy is not the immediate release of the appellant, but an expeditious hearing pursuant to Mental Hygiene Law § 10.07 (*see Matter of State of New York v Blair*, 69 AD3d at 21-22; *State of N.Y. ex rel. Karur v Carmichael*, 41 AD3d 349, 349-350 [2007]; *People ex rel. Noel B. v Jones*, 230 AD2d 809, 811 [1996]).

Accordingly, the Supreme Court properly denied the appellant's motion to dismiss the petition. Fisher, J.P., Lott, Austin and Sgroi, JJ., concur.