In the Matter of STATE OF NEW YORK, Respondent, v ANDRE L., Appellant. [924 NYS2d 467]—

In a proceeding pursuant to Mental Hygiene Law article 10 for the civil management of Andre L., a sex offender allegedly requiring civil management, Andre L. appeals from an order of the Supreme Court, Kings County (Dowling, J.), dated March 16, 2010, which, upon a finding, after a jury trial, that he suffers from a mental abnormality as defined in Mental Hygiene Law § 10.03 (i), and a determination, after a dispositional hearing, that he currently is a dangerous sex offender requiring civil confinement, in effect, granted the petition and directed that he be committed to a secure treatment facility for care, treatment, and control until such time as he no longer requires confinement.

Ordered that the order is affirmed, without costs or disbursements.

This appeal arises from a proceeding pursuant to Mental Hygiene Law article 10, also known as the Sex Offender Management and Treatment Act (hereinafter SOMTA). In January 1992, the appellant was convicted, upon his plea of guilty, of robbery in the second degree based on three incidents that occurred during the summer of 1991 in which the appellant allegedly exposed himself to women on the street, demanded the personal property of two of the women, and slashed these two women with a knife. The appellant was sentenced to an indeter-

minate term of imprisonment of 18 to 54 months, was released to parole in March 1995, and was discharged from parole in September 1996. In June 1998, the appellant was convicted, upon his plea of guilty, of robbery in the first degree based on an incident in December 1997 in which he allegedly demanded, while displaying a knife, that a woman give him her pocketbook and undress, and then grabbed her breasts. At the time of his arrest, the appellant was wearing women's undergarments, with his penis exposed, under an open trench coat. The appellant was sentenced to a determinate term of imprisonment of 10 years.

On August 29, 2006, the appellant was admitted directly to the Central New York Psychiatric Center (hereinafter CNYPC) for involuntary care pursuant to Mental Hygiene Law article 9. Although requested by the appellant, no hearing was held pursuant to either Mental Hygiene Law § 9.31 (a) or § 9.33 (c), and an order of retention was not issued. SOMTA became effective on April 13, 2007, and in February 2008, based upon the recommendation of a case review team appointed by the State Commissioner of Mental Health, the Attorney General filed a petition in the Supreme Court, Oneida County, pursuant to Mental Hygiene Law article 10 for the civil management of the appellant (*see* Mental Hygiene Law § 10.06). After the appellant's motion to transfer venue to Kings County was granted, the Supreme Court conducted a probable cause hearing (*see* Mental Hygiene Law § 10.06 [g]). The Supreme Court found that there was probable cause to believe that civil management was required. The Supreme Court subsequently conducted a jury trial on the issues of whether the robbery in the first degree, a designated felony pursuant to Mental Hygiene Law § 10.03 (f), was sexually motivated and whether the appellant suffers from a mental abnormality (*see* Mental Hygiene Law § 10.03 [i]). The jury unanimously found that the designated felony was sexually motivated and that the appellant suffers from a mental abnormality. Thereafter, the appellant moved to dismiss the petition on the ground that he was not a lawfully detained sex offender. The Supreme Court denied the motion and subsequently conducted a dispositional hearing (*see* Mental Hygiene Law § 10.07 [f]). At the conclusion of the hearing, the Supreme Court found that the appellant was a dangerous sex offender requiring civil confinement and ordered such confinement (*id.*).

The appellant contends that the jury's findings that the designated felony was sexually motivated and that he suffers from a mental abnormality were contrary to the weight of the evidence. "[A] jury verdict may be set aside as against the

weight of the evidence only when the evidence preponderates so greatly in the movant's favor that the jury could not have reached its conclusion on any fair interpretation of the evidence" (*Matter of State of New York v Shawn X.*, 69 AD3d 165, 169 [2009] [internal quotation marks omitted]; *see Matter of State of New York v Gierszewski*, 81 AD3d 1473 [2011]; *Matter of State of New York v Derrick B.*, 68 AD3d 1124, 1126 [2009]). A jury's determinations as to the credibility of the witnesses are "entitled to great deference given the jury's opportunity to evaluate the weight and credibility of conflicting expert testimony" (*Matter of State of New York v Shawn X.*, 69 AD3d at 168; *see Matter of State of New York v Chrisman*, 75 AD3d 1057, 1058 [2010]; *Matter of State of New York v Richard VV.*, 74 AD3d 1402, 1403 [2010]; *Matter of State of New York v Timothy JJ.*, 70 AD3d 1138, 1142 [2010]).

At trial, the State's expert, a psychiatrist, testified that in 1997, the appellant left his home dressed in women's undergarments with the intention of exposing himself, and the robbery was an additional element that was part of the thrill involving sexual arousal. Additionally, the State's expert opined that the appellant suffered from exhibitionism and fetishism and that these disorders made it unlikely that the appellant could control his impulses not only to expose himself but to have sexual contact with unknown women. Under these circumstances, notwithstanding the conflicting expert testimony presented by the appellant, the jury's verdict that the designated felony was sexually motivated and that the appellant suffers from a mental abnormality was supported by a fair interpretation of the evidence (*see Matter of State of New York v Shawn X.*, 69 AD3d at 169; *Matter of State of New York v Derrick B.*, 68 AD3d at 1126).

Additionally, the Supreme Court properly denied the appellant's motion to dismiss the petition on the ground that he was not a "[d]etained sex offender" as defined by Mental Hygiene Law § 10.03 (g) (5). The determination was proper because the appellant was convicted of a sexually motivated designated felony (*see* Mental Hygiene Law § 10.03 [f], [p]), was admitted directly to CNYPC, an Office of Mental Health (hereinafter OMH) facility, pursuant to Mental Hygiene Law article 9 upon his release from prison in August 2006, and has remained continuously in the custody of OMH, an agency with jurisdiction under Mental Hygiene Law article 10 (*see Matter of State of New York v Angel A.*, 74 AD3d 1209, 1211 [2010]; *Matter of State of New York v Blair*, 69 AD3d 15 [2009]; *Matter of Larry TT.*, 68 AD3d 1229 [2009]; *see generally People ex rel. Joseph II. v Superintendent of Southport Correctional Facility*, 15 NY3d

126 [2010]; *State of N.Y. ex rel. Harkavy v Consilvio*, 8 NY3d 645 [2007]). Assuming, without deciding, that the failure to hold a hearing under article 9 was attributable to the State, the proper remedy was not the release of the appellant, but an expeditious hearing pursuant to Mental Hygiene Law § 10.07 (*see Matter of State of New York v Angel A.*, 74 AD3d at 1212; *Matter of Larry TT.*, 68 AD3d at 1230).

The Supreme Court properly found, after the dispositional hearing, by clear and convincing evidence, that the appellant's level of dangerousness requires that he be confined rather than be subject to strict and intense supervision (*see* Mental Hygiene Law § 10.07 [f]; *Matter of State of New York v Clarence D.*, 82 AD3d 776 [2011]; *Matter of State of New York v Steven L.*, 66 AD3d 788, 789-790 [2009]).

The appellant's remaining contention is without merit (*see Matter of State of New York v Shawn X.*, 69 AD3d at 172 n 6; *Matter of State of New York v Stanley D.*, 68 AD3d 1007 [2009]; *Matter of State of New York v Steven L.*, 66 AD3d at 789). Covello, J.P., Chambers, Lott and Miller, JJ., concur.