■ In the Matter of STATE OF NEW YORK, Respondent, v JUSTIN C., Appellant. [941 NYS2d 636]—

In a proceeding pursuant to Mental Hygiene Law article 10 for the civil management of Justin C., a sex offender allegedly requiring civil management, Justin C. appeals from an order of the Supreme Court, Westchester County (Cacace, J.), entered January 11, 2011, which, upon a jury verdict finding that he suffers from a mental abnormality as defined in Mental Hygiene Law § 10.03 (i), and a determination, made after a dispositional hearing, that he currently is a dangerous sex offender requiring civil confinement, in effect, granted the petition and directed that he be committed to a secure treatment facility for care, treatment, and control until such time as he no longer requires confinement.

Ordered that the order is affirmed, without costs or disbursements.

In 2005 the appellant was convicted of one count of assault in the second degree, upon his plea of guilty, and sentenced to a term of imprisonment of four years. The conviction arose from a 2004 incident in which the appellant, who was babysitting his girlfriend's seven-month old son (hereinafter the infant), allegedly injured the head of the infant's penis and the back of the infant's throat and tore the tissue connecting the infant's

tongue to the base of his mouth. A medical doctor determined that the injury to the head of the infant's penis was caused by suction.

In August 2008, prior to the appellant's release from prison, the State commenced this sex offender civil management proceeding pursuant to Mental Hygiene Law article 10. After certain procedural steps, not at issue on this appeal, the Supreme Court conducted a jury trial. The jury found that the appellant's assault of the infant was sexually motivated and that the appellant suffered from a mental abnormality that predisposed him to commit sex offenses and caused him to have serious difficulty controlling his criminal sexual conduct. Following a dispositional hearing, the Supreme Court determined that the appellant was a dangerous sex offender requiring civil confinement, and committed him to a secure treatment facility for care, treatment, and control until such time as he no longer requires confinement.

The Supreme Court did not improvidently exercise its discretion in admitting into evidence certain photographs of the infant and his injuries (*see Matter of State of New York v Timothy JJ.*, 70 AD3d 1138, 1143 [2010]). The photographs were not submitted for the sole purpose of arousing the emotions of the jury or to prejudice the appellant, but rather to "prove or disprove a disputed or material issue, to illustrate or elucidate other relevant evidence, or to corroborate or disprove some other evidence offered or to be offered" (*People v Pobliner*, 32 NY2d 356, 369 [1973], *cert denied* 416 US 905 [1974]; *see Matter of State of New York v Timothy JJ.*, 70 AD3d at 1142-1143; *Matter of Eshale O.*, 260 AD2d 964 [1999]).

"[A] jury verdict may be set aside as against the weight of the evidence only when the evidence preponderates so greatly in the movant's favor that the jury could not have reached its conclusion on any fair interpretation of the evidence" (*Matter of State of New York v Andre L.*, 84 AD3d 1248, 1249-1250 [2011] [internal quotation marks omitted]; *see Matter of State of New York v Derrick B.*, 68 AD3d 1124, 1126 [2009]). Notably, "[a] jury's determinations as to the credibility of the witnesses are 'entitled to great deference given the jury's opportunity to evaluate the weight and credibility of conflicting expert testimony' " (*Matter of State of New York v Andre L.*, 84 AD3d at 1250, quoting *Matter of State of New York v Shawn X.*, 69 AD3d 165, 168 [2009]; *see Matter of State of New York v Timothy JJ.*, 70 AD3d at 1142). Notwithstanding the conflicting expert testimony presented by the appellant, the jury's verdict that the designated felony was sexually motivated and that the appellant suffers

from a mental abnormality was supported by a fair interpretation of the evidence (*see Matter of State of New York v Andre L.*, 84 AD3d at 1250; *Matter of State of New York v Timothy JJ.*, 70 AD3d at 1142; *Matter of State of New York v Shawn X.*, 69 AD3d at 169; *Matter of State of New York v Derrick B.*, 68 AD3d at 1126).

The Supreme Court properly found, after the dispositional hearing, by clear and convincing evidence, that the appellant's level of dangerousness requires that he be confined rather than be subject to strict and intense supervision (*see* Mental Hygiene Law § 10.07 [f]; *Matter of State of New York v Andre L.*, 84 AD3d at 1250; *Matter of State of New York v Clarence D.*, 82 AD3d 776 [2011]; *Matter of State of New York v Steven L.*, 66 AD3d 788, 789-790 [2009]). Dickerson, J.P., Chambers, Austin and Miller, JJ., concur.