■ In the Matter of STATE OF NEW YORK, Respondent, v EDISON G., Appellant. [966 NYS2d 510]—

In a proceeding pursuant to Mental Hygiene Law article 10 for the civil management of Edison G., a sex offender allegedly requiring civil management, Edison G. appeals from an order of the Supreme Court, Kings County (Garnett, J.), dated May 1, 2012, which, upon a finding, made after a jury trial, that he suffers from a mental abnormality as defined in Mental Hygiene Law § 10.03 (i), and upon a determination, made after a dispositional hearing, that he is a dangerous sex offender requiring civil confinement, in effect, granted the petition and directed that he be committed to a secure treatment facility for care, treatment, and control until such time as he no longer requires confinement.

Ordered that the order is affirmed, without costs or disbursements.

In 1995 the appellant was convicted of one count of sodomy in the first degree, upon his plea of guilty, and sentenced to an indeterminate term of imprisonment of 4 to 12 years. The conviction arose from incidents in 1994 in which the appellant

anally raped and sodomized a 13-year-old boy and sexually abused a 9-year-old boy. These incidents took place while the appellant was serving a sentence of probation for his conviction of endangering the welfare of a child, upon his plea of guilty, which arose from an incident in which the appellant anally raped a 14-year-old boy.

In January 2008, prior to the appellant's release from prison, the State commenced this sex offender civil management proceeding pursuant to Mental Hygiene Law article 10. The Supreme Court conducted a jury trial, and at the conclusion of the trial the jury found that the appellant suffered from a mental abnormality that predisposed him to commit sex offenses and caused him to have serious difficulty controlling his criminal sexual conduct. Following a dispositional hearing, the Supreme Court determined that the appellant is a dangerous sex offender requiring civil confinement, and committed him to a secure treatment facility for care, treatment, and control until such time as he no longer requires confinement.

"[A] jury verdict may be set aside as against the weight of the evidence only when the evidence preponderates so greatly in the movant's favor that the jury could not have reached its conclusion on any fair interpretation of the evidence" (*Matter of State of New York v Andre L.*, 84 AD3d 1248, 1249-1250 [2011] [internal quotation marks omitted]; *see Matter of State of New York v Derrick B.*, 68 AD3d 1124, 1126 [2009]). Notably, "[a] jury's determinations as to the credibility of the witnesses are 'entitled to great deference given the jury's opportunity to evaluate the weight and credibility of conflicting expert testimony' " (*Matter of State of New York v Andre L.*, 84 AD3d at 1250, quoting *Matter of State of New York v Shawn X.*, 69 AD3d 165, 168 [2009]; *see Matter of State of New York v Timothy JJ.*, 70 AD3d 1138, 1142 [2010]). Notwithstanding the expert testimony presented by the appellant, which conflicted with the expert testimony presented by the petitioner, the jury's verdict that the appellant suffered from a mental abnormality that predisposed him to commit sex offenses and caused him to have serious difficulty controlling his criminal sexual conduct was supported by a fair interpretation of the evidence (*see Matter of State of New York v Andre L.*, 84 AD3d at 1250; *Matter of State of New York v Timothy JJ.*, 70 AD3d at 1142; *Matter of State of New York v Shawn X.*, 69 AD3d at 169; *Matter of State of New York v Derrick B.*, 68 AD3d at 1126).

The Supreme Court properly found, after the dispositional hearing, by clear and convincing evidence, that the appellant's level of dangerousness requires that he be confined rather than

be subject to strict and intense supervision (*see* Mental Hygiene Law § 10.07 [f]; *Matter of State of New York v Andre L.*, 84 AD3d at 1251; *Matter of State of New York v Clarence D.*, 82 AD3d 776, 778 [2011]; *Matter of State of New York v Steven L.*, 66 AD3d 788, 789-790 [2009]).

The appellant's remaining contention is without merit. Angiolillo, J.P., Chambers, Hall and Roman, JJ., concur.