In a proceeding pursuant to Mental Hygiene Law article 10 for the civil management of Todd L., an alleged sex offender requiring civil management, Todd L. appeals from an order of the Supreme Court, Queens County (Aloise, J.), entered April 17, 2013, which, upon findings, made after a jury trial, that he committed a sexually motivated designated felony offense and that he was a detained sex offender suffering from a mental abnormality as defined in Mental Hygiene Law § 10.03 (i), and a determination, made after a dispositional hearing, that he currently is a dangerous sex offender requiring civil confinement, granted the petition and directed that he be committed to a secure treatment facility for care, treatment, and control until such time as he no longer requires confinement.
*806 Ordered that the order is reversed, on the law and in the exercise of discretion, the finding that the appellant committed a sexually motivated designated felony offense is vacated, and the matter is remitted to the Supreme Court, Queens County, for a new trial on the issue of whether the appellant committed a sexually motivated felony offense, and, if necessary, a new dispositional hearing.
The appellant was incarcerated pursuant to a sentence imposed upon his conviction of, inter alia, promoting prostitution in the second degree (Penal Law § 230.30 [1]), promoting prostitution in the third degree (Penal Law § 230.25), and assault in the second degree (Penal Law § 120.05 [2]). Shortly before his release from prison, the State of New York filed a petition pursuant to Mental Hygiene Law article 10, also known as the Sex Offender Management and Treatment Act, seeking the appellant’s civil management (see Mental Hygiene Law § 10.06 [a]). The State alleged, inter alia, that the appellant’s convictions of promoting prostitution in the second degree and assault in the second degree qualified him as a sex offender in that he was convicted of two designated felonies that were sexually motivated and committed prior to the effective date of Mental Hygiene Law article 10 (see Mental Hygiene Law § 10.03 ra, tp], M).
A jury trial was conducted to determine whether the appellant was a detained sex offender who suffered from a mental abnormality (see Mental Hygiene Law § 10.07 [a]). A crime is a “sex offense” under Mental Hygiene Law article 10 if it is listed as a “designated felony” under Mental Hygiene Law § 10.03 (f), and was “sexually motivated” (Mental Hygiene Law § 10.03 [p]). A “sexually motivated” felony “means that the act or acts constituting a designated felony were committed in whole or in substantial part for the purpose of direct sexual gratification of the actor” (Mental Hygiene Law § 10.03 [sj). Designated felonies under Mental Hygiene Law § 10.03 (f) include promoting prostitution in the second degree and assault in the second degree (see Penal Law §§ 230.30, 120.05). Promoting prostitution in the third degree is not a designated felony under Mental Hygiene Law § 10.03 (f). However, at the jury trial, the first question on the verdict sheet asked: “Does the [appellant’s] commission of assault in the second degree or promoting prostitution in the second degree or promoting prostitution in the third degree constitute a sexually motivated offense?” (emphasis added).
The appellant argues that the crime of promoting prostitution in the third degree is not a “designated felony” under *807 Mental Hygiene Law § 10.03 (f) and, therefore, does not constitute a sex offense that could subject him to civil confinement, even if the jury concluded that the offense was sexually motivated. The State contends that the appellant did not preserve this argument for appellate review and that, in any event, any error was harmless.
Generally, where no objection to an alleged error is advanced at trial, the objection is unpreserved for appellate review (see People v Becoats, 17 NY3d 643, 650 [2011]; People v Hawkins, 11 NY3d 484, 490 [2008]; People v Gray, 86 NY2d 10, 19 [1995]). However, the inclusion on the verdict sheet of a crime that was not a designated felony within the meaning of Mental Hygiene Law § 10.03 (f) presents such a fundamental error that the appellant’s failure to object does not bar our review of the issue in the exercise of discretion (see Gallagher v Samples, 6 AD3d 659, 660 [2004]; Decker v Rassaert, 131 AD2d 626, 627 [1987]; DiGrazia v Castronova, 48 AD2d 249, 252 [1975]). At trial, the State was required to establish by clear and convincing evidence that the appellant was a detained sex offender who suffered from a mental abnormality (see Mental Hygiene Law § 10.07 [d]). “It is an established rule of Supreme Court jurisprudence that a general verdict of guilt must be set aside where the jurors in reaching their verdict may have relied on an illegal ground or on an alternative legal ground and there is no way of knowing which ground they chose” (People v Martinez, 83 NY2d 26, 32 [1993], citing Griffin v United States, 502 US 46 [1991]; see Yates v United States, 354 US 298, 311-312 [1957]; Stromberg v California, 283 US 359, 367-368 [1931]; see also People v Becoats, 17 NY3d at 654). “Thus, the Supreme Court has consistently vacated general verdicts where one of the choices afforded to the jury was to find guilt on an unconstitutional theory. It has rejected the contention that the verdict should be upheld because the fact finder presumably based it on an alternative constitutional ground” (People v Martinez, 83 NY2d at 32).
Contrary to the appellant’s contentions, to the extent that the jury found that his commission of either assault in the second degree or promoting prostitution in the second degree was sexually motivated, the evidence was legally sufficient to support those findings, as there was a valid line of reasoning to support them, and, moreover, they were not against the weight of the evidence, as they were supported by a fair interpretation of the evidence (see generally Matter of State of New York v Anonymous, 82 AD3d 1250, 1251 [2011]; Matter of State of New York v Derrick B., 68 AD3d 1124, 1126 [2009]). However, the inclusion, on the verdict sheet, of a crime that was not a *808 “designated felony” under Mental Hygiene Law § 10.03 (f) presented the jury with a flawed legal theory. It is uncertain as to whether the jury found that the appellant’s commission of assault in the second degree, promoting prostitution in the second degree, or promoting prostitution in the third degree was sexually motivated. Such ambiguity in the jury’s finding requires a new trial on that issue (see People v Becoats, 17 NY3d at 654; People v Martinez, 83 NY2d at 32-33).
Contrary to the appellant’s further contention, there was a valid line of reasoning by which the jury could find, as it did, that he suffers from a “mental abnormality,” as that term is defined in Mental Hygiene Law § 10.03 (i) (see Matter of State of New York v Anonymous, 82 AD3d at 1251; Matter of State of New York v Derrick B., 68 AD3d at 1126). Moreover, that finding was supported by a fair interpretation of the evidence and, thus, was not contrary to the weight of the evidence (see Matter of State of New York v Anonymous, 82 AD3d at 1251; Matter of State of New York v Andre L., 84 AD3d 1248, 1249-1250 [2011]).
In light of our determination, we need not reach the appellant’s remaining contentions.
Rivera, J.E, Sgroi, Hinds-Radix and Maltese, JJ., concur.