■ In the Matter of STATE OF NEW YORK, Respondent, v DAVID M., Appellant. [992 NYS2d 582]—

In a proceeding pursuant to Mental Hygiene Law article 10 for the civil management of David M., an alleged sex offender requiring civil management, David M., appeals from an order of the Supreme Court, Nassau County (Calabrese, J.), dated May 2, 2013, which, upon a finding, made after a jury trial, that he suffers from a mental abnormality as defined in Mental Hygiene Law § 10.03 (i), and upon a determination, made after a dispositional hearing, that he is currently a dangerous sex offender requiring civil confinement, in effect, granted the petition and directed that he be committed to a secure treatment facility for care, treatment, and control until such time as he no longer requires confinement.

Ordered that the order is affirmed, without costs or disbursements.

In 2004, the appellant was convicted, upon his plea of guilty,

of sexual abuse in the first degree, based upon an incident in which he allegedly forced a female victim into his car at gunpoint and drove her to his home, where they had vaginal and anal intercourse without her consent. The incident took place one month and 11 days after the appellant was released to parole supervision upon serving a portion of a sentence imposed for a prior conviction of sexual abuse in the first degree.

In March 2009, the State commenced this proceeding under article 10 of the Mental Hygiene Law, alleging that the appellant was a sex offender requiring civil management. After a trial, the jury found that the appellant suffered from a mental abnormality that predisposed him to commit sex offenses and caused him to have serious difficulty controlling his criminal sexual conduct. Subsequently, following a dispositional hearing, the Supreme Court determined that the appellant was a dangerous sex offender requiring civil confinement, and committed him to a secure treatment facility for care, treatment, and control.

A court may set aside a jury verdict as legally insufficient and enter judgment as a matter of law only when, considering the evidence in the light most favorable to the petitioner, "there is simply no valid line of reasoning and permissible inferences which could possibly lead rational [persons] to the conclusion reached by the jury on the basis of the evidence presented at trial" (*Bassett v City of Rye*, 104 AD3d 889, 890 [2013] [internal quotation marks omitted]; *see Matter of State of New York v John S.*, 23 NY3d 326 [2014]). "[A] jury verdict may be set aside as against the weight of the evidence only when the evidence preponderates so greatly in the movant's favor that the jury could not have reached its conclusion on any fair interpretation of the evidence" (*Matter of State of New York v Andre L.*, 84 AD3d 1248, 1249-1250 [2011] [internal quotation marks omitted]; *see Matter of State of New York v Edison G.*, 107 AD3d 723, 724 [2013]; *Matter of State of New York v Derrick B.*, 68 AD3d 1124, 1126 [2009]).

Here, the evidence at trial was legally sufficient to support the verdict, since there was a valid line of reasoning by which the jury could conclude that the appellant suffered from a mental abnormality, and the jury's verdict was supported by a fair interpretation of the evidence (*see* Mental Hygiene Law § 10.03 [i]; *Matter of State of New York v John S.*, 23 NY3d 326 [2014]; *Matter of State of New York v Derrick B.*, 68 AD3d at 1126; *see also Matter of State of New York v Leon F.*, 84 AD3d 1098, 1100-1101 [2011]). Contrary to the appellant's contention, the question of whether the diagnosis of "Paraphilia Disorder-

Not Otherwise Specified Nonconsent" constituted a reliable predicate for a finding of mental abnormality presented a factual issue to be resolved by the jury, and there is no basis to disturb its findings (*see Matter of State of New York v Shannon S.*, 20 NY3d 99, 106-107 [2012]; *Matter of State of New York v Raul L.*, 120 AD3d 52 [2014]; *Matter of State of New York v Robert V.*, 111 AD3d 541, 542 [2013]).

The appellant's challenge to certain comments made by the assistant attorney general during his opening statement and summation is unpreserved for appellate review (*see Matter of State of New York v Colvin M.*, 110 AD3d 818, 818 [2013]; *Burke v Carrion*, 101 AD3d 920, 922 [2012]; *People v Scott*, 99 AD3d 817, 817 [2012]), and, in any event, is without merit (*see Matter of State of New York v Carmelo M.*, 110 AD3d 818, 819 [2013]).

Moreover, the Supreme Court properly found, after the dispositional hearing, by clear and convincing evidence, that the appellant's level of dangerousness requires that he be confined rather than be subject to strict and intense supervision (*see* Mental Hygiene Law § 10.07 [f]; *Matter of State of New York v Edison G.*, 107 AD3d at 724; *Matter of State of New York v Leon F.*, 84 AD3d at 1101; *Matter of State of New York v Derrick B.*, 68 AD3d at 1127).

The appellant's remaining contention is without merit. Balkin, J.P., Leventhal, Maltese and Barros, JJ., concur.