■ In the Matter of STATE OF NEW YORK, Respondent, v ROBERT M., Appellant. [19 NYS3d 82]—

In a proceeding pursuant to Mental Hygiene Law article 10 for the civil management of Robert M., a sex offender allegedly requiring civil management, Robert M. appeals from an order of the Supreme Court, Kings County (Garnett, J.), dated March 1, 2012, which, upon, inter alia, a finding, made after a jury trial, that he suffers from a mental abnormality as defined in Mental Hygiene Law § 10.03 (i), and a determination, made after a dispositional hearing, that he is currently a dangerous sex offender requiring civil confinement, granted the petition and directed that he be committed to a secure treatment facility for care and treatment.

Ordered that the order is affirmed, without costs or disbursements.

The State of New York commenced this proceeding pursuant to Mental Hygiene Law article 10, also known as the Sex Offender Management and Treatment Act (hereinafter SOMTA) for the civil management of the appellant, an alleged sex offender requiring civil management. The Supreme Court conducted a jury trial, and the jury found that the appellant, established to be a "detained sex offender" under SOMTA, suffers from a "mental abnormality" as that phrase is defined in SOMTA (*see* Mental Hygiene Law § 10.07 [c], [d]; *see also* Mental Hygiene Law § 10.03 [g], [i]).

Subsequently, the Supreme Court conducted a dispositional hearing, after which it found that the appellant suffers from a mental abnormality involving such a strong predisposition to commit sex offenses, and such an inability to control behavior, that he is likely to be a danger to others and to commit sex offenses if he is not confined to a secure treatment facility (*see* Mental Hygiene Law § 10.07 [f]). Based on that finding, the Supreme Court made the requisite dispositional finding that the appellant is a dangerous sex offender requiring civil confinement, granted the petition, and directed that he be committed to a secure treatment facility for care and treatment (*see id.*).

Contrary to the appellant's contention, the jury verdict was supported by legally sufficient evidence, since there was a valid line of reasoning by which the jury could conclude that the appellant suffered from a mental abnormality as defined in Mental Hygiene Law § 10.03 (i), and the verdict was not against the weight of the evidence, as it was supported by a fair interpretation of the evidence (*see Matter of State of New York v Ian I.*, 127 AD3d 766, 767-768 [2015]; *Matter of State of New York v David M.*, 120 AD3d 1423, 1424 [2014]; *Matter of State of New York v Robert F.*, 101 AD3d 1133, 1137 [2012]; *Matter of State of New York v Gierszewski*, 81 AD3d 1473, 1473-1474 [2011]; *Matter of State of New York v Derrick B.*, 68 AD3d 1124, 1126-1127 [2009]).

The appellant's contention that the Supreme Court erred and violated his Fourteenth Amendment due process right to a fair trial and his Sixth Amendment right of confrontation by allowing into evidence, through the State's expert witness, certain hearsay evidence, is partially unpreserved for appellate review (*see Matter of State of New York v Carl S.*, 125 AD3d 670, 671 [2015]) and, in any event, without merit (*see Matter of State of New York v Floyd Y.*, 22 NY3d 95, 103-104, 109 [2013]; *see also Matter of State of New York v John S.*, 23 NY3d 326, 345-346 [2014]). Similarly, the appellant's contention that the Supreme Court erred and violated his Fourteenth Amendment due process right to a fair trial and his Sixth Amendment right to present a defense by precluding his expert witness from testifying regarding certain post-evaluation meetings with him is also partially unpreserved for appellate review (*see Matter of State of New York v Carl S.*, 125 AD3d at 671), and, in any event, without merit (*see Matter of State of New York v Floyd Y.*, 22 NY3d at 103-104; *see generally In re Ames Dept. Stores, Inc.*, 76 F3d 66, 70 [2d Cir 1996]; *see also Matter of State of New York v Robert F.*, 25 NY3d 448, 453-454 [2015]; *cf. Matter*

*of State of New York v Dennis K.*, 120 AD3d 694, 695 [2014]). Further, contrary to the appellant's contention, the Supreme Court providently exercised its discretion in denying his application, inter alia, to reopen the dispositional hearing to present additional evidence (*see Shapiro v Shapiro*, 151 AD2d 559, 560-561 [1989]; *cf. Felice v Gershkon*, 34 AD2d 1008, 1009 [1970]).

Finally, contrary to the appellant's contention, the Supreme Court properly found, after the dispositional hearing, by clear and convincing evidence, that his level of dangerousness requires confinement rather than strict and intense supervision (*see* Mental Hygiene Law § 10.07 [f]; *Matter of State of New York v Larry B.*, 113 AD3d 865, 867 [2014]; *Matter of State of New York v Steven L.*, 66 AD3d 788, 789-790 [2009]). Mastro, J.P., Austin, Maltese and Barros, JJ., concur.