In the Matter of STATE OF NEW YORK, Respondent, v LUIS S., Appellant. [24 NYS3d 166]—

In a proceeding pursuant to Mental Hygiene Law article 10 for the civil management of Luis S., a sex offender allegedly requiring civil management, Luis S. appeals from an order of

the Supreme Court, Kings County (Dowling, J.), dated November 6, 2013, which, upon a finding, made after a jury trial, that he suffers from a mental abnormality as defined in Mental Hygiene Law § 10.03 (i), and upon a determination, made after a dispositional hearing, that he is currently a dangerous sex offender requiring civil confinement, in effect, granted the petition and directed that he be committed to a secure treatment facility for care, treatment, and control until such time as he no longer requires confinement.

Ordered that the order is affirmed, without costs or disbursements.

Contrary to the appellant's contention, the evidence at trial was legally sufficient to support the jury's verdict that he suffered from a "mental abnormality" as defined in Mental Hygiene Law § 10.03 (i) (*see* Mental Hygiene Law § 10.07 [d]; *Matter of State of New York v Anonymous*, 82 AD3d 1250, 1251 [2011]; *Matter of State of New York v Derrick B.*, 68 AD3d 1124, 1127 [2009]). Moreover, since the jury's finding was supported by a fair interpretation of the evidence, it was not contrary to the weight of the evidence (*see Matter of State of New York v Carl S.*, 125 AD3d 670, 672 [2015]; *Matter of State of New York v Edison G.*, 107 AD3d 723, 724 [2013]; *Matter of State of New York v Justin C.*, 93 AD3d 852, 853-854 [2012]).

The question of whether the subject diagnosis constituted a reliable predicate for a finding of mental abnormality presented a factual issue to be resolved by the jury, and there is no basis to disturb its findings (*see Matter of State of New York v Shannon S.*, 20 NY3d 99, 106-107 [2012]; *Matter of State of New York v David M.*, 120 AD3d 1423, 1424-1425 [2014]; *Matter of State of New York v Raul L.*, 120 AD3d 52, 60 [2014]).

The Supreme Court properly denied the appellant's motion to preclude the trial testimony of the psychologist who examined him pursuant to Mental Hygiene Law § 10.05 (e) as part of the screening process to decide whether a Mental Hygiene Law article 10 petition should be filed. The statements the appellant made to the psychologist were relevant, no statute prohibits their use, and, since the evaluation was conducted prior to the commencement of the Mental Hygiene Law article 10 proceeding, the appellant was not entitled to have counsel present (*see Matter of State of New York v John P.*, 20 NY3d 941, 943 [2012]; *Matter of State of New York v Robert F.*, 101 AD3d 1133, 1135 [2012]).

Contrary to the appellant's further contention, the Supreme Court properly found, after a dispositional hearing, by clear and convincing evidence, that the appellant is a dangerous sex

offender requiring confinement (*see* Mental Hygiene Law § 10.07 [f]; *Matter of State of New York v Robert M.*, 133 AD3d 670 [2015]; *Matter of State of New York v Anonymous*, 82 AD3d at 1252; *Matter of State of New York v Steven L.*, 66 AD3d 788, 789-790 [2009]).

The appellant's remaining contentions either are unpreserved for appellate review or without merit. Mastro, J.P., Rivera, Leventhal and Duffy, JJ., concur.