■ In the Matter of STATE OF NEW YORK, Respondent, v RUBEN M., Appellant. [27 NYS3d 254]—

In a proceeding pursuant to Mental Hygiene Law article 10 for the civil management of Ruben M., a sex offender allegedly requiring civil management, Ruben M. appeals from an order of the Supreme Court, Queens County (Aloise, J.), dated July 29, 2014, which, upon a finding, made after a jury trial, that he suffers from a mental abnormality as defined in Mental Hygiene Law § 10.03 (i), and upon a determination, made after a dispositional hearing, that he is a dangerous sex offender requiring civil confinement, granted the petition and directed that Ruben M. be committed to a secure treatment facility for care, treatment, and control until such time as he no longer requires confinement.

Ordered that the order is affirmed, without costs or disbursements.

The State of New York (hereinafter the petitioner) commenced this proceeding pursuant to Mental Hygiene Law article 10, also known as the Sex Offender Management and Treatment Act (hereinafter SOMTA), for the civil management of the appellant, a convicted sex offender whom the petitioner alleges requires civil management (*see* Mental Hygiene Law § 10.06 [a]). A jury trial was held in November and December 2013. At the end of the trial, the jury found the appellant to be a "detained sex offender," as that term is defined in SOMTA, who suffers from a "mental abnormality," as that term is defined in SOMTA (*see* Mental Hygiene Law § 10.07 [a], [c], [d]; *see also* Mental Hygiene Law § 10.03 [g], [i]).

After a dispositional hearing, the Supreme Court found that the appellant is a "dangerous sex offender requiring confinement" as that term is defined in Mental Hygiene Law § 10.03 (e) in that the appellant suffers from a mental abnormality involving such a strong predisposition to commit sex offenses, and such an inability to control behavior, that he is likely to be a danger to others and to commit sex offenses if he is not confined to a secure treatment facility (*see* Mental Hygiene Law § 10.07 [f]). In the order appealed from, the court directed that the appellant be committed to a secure treatment facility for care, treatment, and control until such time as he no longer requires confinement (*see* Mental Hygiene Law § 10.07 [f]).

Contrary to the appellant's contention, legally sufficient evidence supported the jury verdict since there was a valid line of reasoning by which the jury could conclude that the appellant suffered from a mental abnormality as defined in Mental Hygiene Law § 10.03 (i) (*see Matter of State of New York v Floyd Y.*, 135 AD3d 70, 72 [2015]; *Matter of State of New York v Carl S.*, 125 AD3d 670, 671-672 [2015]; *Matter of State of New York v Trombley*, 98 AD3d 1300, 1301 [2012]). Additionally, the verdict was not against the weight of the evidence, as it was supported by a fair interpretation of the evidence (*see Matter of State of New York v Carl S.*, 125 AD3d at 672; *Matter of State of New York v Trombley*, 98 AD3d at 1301; *Matter of State of New York v Justin C.*, 93 AD3d 852, 853-854 [2012]; *Matter of State of New York v Derrick B.*, 68 AD3d 1124, 1126 [2009]).

Contrary to the appellant's contention, the Supreme Court's denial of his requests to preclude the petitioner's expert, Dr. Stuart Kirschner, from testifying about a rule out diagnosis of pedophilia was not error (*see Stein v Einhorn*, 74 AD3d 1185, 1185 [2010]; *Shi Pei Fang v Heng Sang Realty Corp.*, 38 AD3d 520, 521 [2007]), nor did the court err in refusing to preclude hearsay basis evidence regarding a 1996 rape charge against the appellant that resulted in the appellant pleading guilty to endangering the welfare of a child (*see Matter of State of New York v John S.*, 23 NY3d 326, 344-345 [2014]; *Matter of State of New York v Floyd Y.*, 22 NY3d 95, 109-110 [2013]). The admission into evidence of three crime scene photographs concerning the underlying offense also was not error (*see People v Wood*, 79 NY2d 958, 960 [1992]; *Matter of State of New York v Justin C.*, 93 AD3d at 853).

The appellant failed to preserve for appellate review his challenge to the petitioner's summation during the jury trial (*see People v Romero*, 7 NY3d 911, 912 [2006]; *Matter of State of New York v Colvin M.*, 110 AD3d 818, 818 [2013]; *People v*

*Sepulveda*, 52 AD3d 539, 540 [2008]; *People v Dorsette*, 47 AD3d 728, 728 [2008]). In any event, the challenged remarks were fair comment on the evidence and did not deprive the appellant of a fair trial (*see People v Wright*, 110 AD3d 836, 837 [2013]).

The Supreme Court properly found, after the dispositional hearing, by clear and convincing evidence, that the appellant was a dangerous sex offender requiring civil confinement (*see* Mental Hygiene Law §§ 10.03 [e]; 10.07 [f]; *Matter of State of New York v Robert M.*, 133 AD3d 670, 672 [2015]; *Matter of State of New York v Carl S.*, 125 AD3d at 672; *Matter of State of New York v Abdul A.*, 123 AD3d 1047, 1049 [2014]; *Matter of State of New York v Robert B.*, 106 AD3d 828, 829 [2013]; *Matter of State of New York v Trombley*, 98 AD3d at 1301; *Matter of State of New York v Justin C.*, 93 AD3d at 854). Dillon, J.P., Dickerson, Austin and Duffy, JJ., concur.