■ In the Matter of STATE OF NEW YORK, Respondent, v JAMES M., Appellant. [35 NYS3d 374]—In a proceeding pursuant to Mental Hygiene Law article 10 for the civil management of James M., a sex offender allegedly requiring civil management, James M. appeals from an order of the Supreme Court, Orange County (DeRosa, J.), dated November 17, 2014, which, upon a

finding, made after a jury trial, that he suffers from a mental abnormality as defined in Mental Hygiene Law § 10.03 (i), and upon a determination, made after a dispositional hearing, that he currently is a dangerous sex offender requiring civil confinement, granted the petition and directed that he be committed to a secure treatment facility for care, treatment, and control until such time as he no longer requires confinement.

Ordered that the order is affirmed, without costs or disbursements.

Contrary to the appellant's contention, the evidence at trial was legally sufficient to support the jury's verdict that he suffered from a "mental abnormality" as defined in Mental Hygiene Law § 10.03 (i) (*see* Mental Hygiene Law § 10.07 [d]; *Matter of State of New York v Luis S.*, 135 AD3d 945, 946 [2016]; *Matter of State of New York v Anonymous*, 82 AD3d 1250, 1251 [2011]; *Matter of State of New York v Derrick B.*, 68 AD3d 1124, 1127 [2009]). Moreover, since the verdict was supported by a fair interpretation of the evidence, it was not contrary to the weight of the evidence (*see Matter of State of New York v Carl S.*, 125 AD3d 670, 672 [2015]; *Matter of State of New York v Edison G.*, 107 AD3d 723 [2013]; *Matter of State of New York v Justin C.*, 93 AD3d 852, 853-854 [2012]).

Although the Supreme Court erred in admitting certain hearsay evidence regarding allegations of past criminal conduct, the error was harmless because the petitioner's expert testified that she placed no significance on these unproved allegations (*see Matter of State of New York v Charada T.*, 23 NY3d 355 [2014]).

Contrary to the appellant's further contention, the Supreme Court properly found, after a dispositional hearing, by clear and convincing evidence, that he is a dangerous sex offender requiring confinement (*see* Mental Hygiene Law § 10.07 [f]; *Matter of State of New York v Robert M.*, 133 AD3d 670 [2015]; *Matter of State of New York v Anonymous*, 82 AD3d at 1252; *Matter of State of New York v Steven L.*, 66 AD3d 788, 789-790 [2009]).

Although the Supreme Court erred in permitting the State's expert to testify via video conference at the dispositional hearing, this error was harmless in light of the overwhelming evidence presented by the State (*see Matter of State of New York v Robert F.*, 25 NY3d 448, 453-454 [2015]). Dillon, J.P., Chambers, Hinds-Radix and Brathwaite Nelson, JJ., concur.