Appeal from an order of the Supreme Court, Queens County (Gregory L. Lasak, J.), entered November 23, 2015. The order, after a jury trial and a dispositional hearing, granted the petition pursuant to Mental Hygiene Law article 10 and directed that the appellant be committed to a secure treatment facility for care and treatment.
 

 Ordered that the order is affirmed, without costs or disbursements.
 

 The State of New York commenced this proceeding pursuant to Mental Hygiene Law article 10, also known as the Sex Offender Management and Treatment Act (hereinafter SOMTA), for the civil management of the appellant, a convicted sex offender. Following a trial, the jury found that the appellant suffers from a “mental abnormality” as that phrase is defined in SOMTA (see Mental Hygiene Law § 10.03 [i]).
 

 Subsequently, following a dispositional hearing, the Supreme Court found that the appellant suffers from a mental abnormality involving such a strong predisposition to commit sex offenses, and such an inability to control his behavior, that he is likely to be a danger to others and to commit sex offenses if he is not confined to a secure treatment facility (see Mental Hygiene Law § 10.07 [f]). Based on that finding, the court made the requisite dispositional determination that the appellant is a dangerous sex offender requiring civil confinement, granted the petition, and directed that he be committed to a secure treatment facility for care and treatment (see id.).
 

 Contrary to the appellant’s contention, the jury verdict was supported by legally sufficient evidence, since there was a valid line of reasoning by which the jury could conclude that the appellant suffered from a mental abnormality as defined in Mental Hygiene Law § 10.03 (i), and the verdict was not contrary to the weight of the evidence, as it was supported by a fair interpretation of the evidence (see Matter of State of New York v Dennis K., 27 NY3d 718, 751 [2016]; Matter of State of New York v Shannon S., 20 NY3d 99, 107-108 [2012]; Matter of State of New York v Robert M., 133 AD3d 670, 671 [2015]; Matter of State of New York v Robert F., 101 AD3d 1133, 1137 [2012]).
 

 The appellant’s contention that the Supreme Court erred and deprived him of a fair trial and his right to present a defense by precluding the testimony of his five nonexpert witnesses is partially unpreserved for appellate review (see Matter of State of New York v Robert M., 133 AD3d at 671) and, in any event, without merit (cf. Matter of State of New York v Enrique D., 22 NY3d 941, 944 [2013]).
 

 Finally, contrary to the appellant’s contention, the Supreme Court properly found, after the dispositional hearing, by clear and convincing evidence, that his level of dangerousness requires confinement rather than strict and intense supervision (see Mental Hygiene Law § 10.07 [f]; Matter of State of New York v Larry B., 113 AD3d 865, 867 [2014]; Matter of State of New York v Steven L., 66 AD3d 788, 789-790 [2009]; cf. Matter of State of New York v Michael M., 24 NY3d 649, 658-660 [2014]).
 

 Rivera, J.R, Roman, LaSalle and Barros, JJ., concur.