■ In the Matter of JEREMIAH S., Respondent. NEW YORK STATE COMMISSIONER OF MENTAL HEALTH, Respondent; THOMAS J. SPOTA, as District Attorney, Appellant. [893 NYS2d 197]—

In 1986 Jeremiah S. was indicted on charges of rape in the first degree (six counts), burglary in the first degree, kidnapping in the first degree, sodomy in the first degree, and assault in the second degree (two counts). In a commitment order dated July 23, 1987, the County Court concluded that Jeremiah S. was not responsible for his acts by reason of mental disease or defect in accordance with a plea pursuant to CPL 220.15 (*see* CPL 330.20). The court committed Jeremiah S. to the custody of the New York State Commissioner of Mental Health (hereinafter the Commissioner) for confinement in a secure facility. Subsequently, Jeremiah S. was transferred, pursuant to court order, from a secure facility to a nonsecure facility (*see* CPL 330.20 [1] [*l*]). In 1996 the County Court issued a release order and an order of conditions. The release order directed the Commissioner to terminate Jeremiah S.'s inpatient status without terminating the Commissioner's responsibility for him (*see* CPL 330.20 [1] [m]). The County Court extended the order of conditions in 2001, and the order of conditions expired by its terms on April 23, 2006.

In 2006 the Commissioner commenced this proceeding pursuant to CPL 330.20 (13) for the issuance of a discharge order, so as to terminate the order of conditions and unconditionally discharge Jeremiah S. from supervision under the provisions of CPL 330.20 (*see* CPL 330.20 [1] [n]). The court held a hearing on February 2, 2009, after which it granted the petition and issued a discharge order pursuant to CPL 330.20 (13). We affirm.

The governing statute, CPL 330.20 (13), provides, in relevant

part, that "[t]he court must grant the application and issue a discharge order if the court finds [1] that the defendant has been continuously on an out-patient status for three years or more, [2] that he [or she] does not have a dangerous mental disorder and is not mentally ill, and [3] that the issuance of the discharge order is consistent with the public safety and welfare of the community and the defendant." The hearing court found that Jeremiah S. has been continuously on an outpatient status for three years or more, that he does not have a dangerous mental disorder and is not mentally ill, and that the discharge order is consistent with the public safety and welfare of both the community and Jeremiah S. Thus, it terminated the order of conditions and unconditionally discharged Jeremiah S. from supervision under the provisions of CPL 330.20.

In reviewing a determination made by a hearing court, the power of this Court is as broad as that of the hearing court, and the Appellate Division may render the determination warranted by the facts, bearing in mind that in a close case, the hearing court had the advantage of seeing and hearing the witnesses (*see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *Bartow v Lugo*, 66 AD3d 936, 937 [2009]). Here, the parties do not dispute that Jeremiah S. has been continuously on an outpatient status for three years or more. Indeed, all of the evidence at the hearing suggested that he had been on an outpatient status for more than 10 years.

To the extent that the District Attorney contends that Jeremiah S. is "mentally ill," within the meaning of CPL 330.20 (13), that term means "that a defendant currently suffers from a mental illness for which care and the treatment as a patient, in the in-patient services of a psychiatric center under the jurisdiction of the state office of mental health, is essential to such defendant's welfare and that his judgment is so impaired that he [or she] is unable to understand the need for such care and treatment" (CPL 330.20 [1] [d]). Such a finding would be at odds with the court's prior release order, since the 1996 release order specifically found "that [Jeremiah S.] no longer has a dangerous mental disorder . . . and that [Jeremiah S.] is no longer mentally ill," and directed the Commissioner to terminate Jeremiah S.'s inpatient status. Moreover, none of the evidence adduced at the hearing suggested that Jeremiah S. required inpatient treatment.

To the extent that the District Attorney contends that Jeremiah S. suffered from a "dangerous mental disorder," within the meaning of CPL 330.20 (13), that term requires that (i) he suffers from a "mental illness," i.e., that he has "an af-

fliction with a mental disease or mental condition which is manifested by a disorder or disturbance in behavior, feeling, thinking, or judgment to such an extent that the person afflicted requires care, treatment and rehabilitation" (Mental Hygiene Law § 1.03 [20]) *and* (ii) he is a physical danger to himself or others (*see* CPL 330.20 [1] [c]). Such a finding would be inconsistent with the release order. Moreover, from the time of the 1996 release order to the time of the hearing on the petition for a discharge order, neither the Commissioner nor the District Attorney sought recommitment on the ground that Jeremiah S. had a dangerous mental disorder (*see* CPL 330.20 [14]). Moreover, the evidence adduced at the hearing included, inter alia, the testimony of Jeremiah S.'s psychologist that Jeremiah S. did not require further treatment, and a report from another examining psychologist, stating that there was no need for or benefit from continued mental health treatment.

In light of the foregoing, the court's determination that Jeremiah S. does not have a dangerous mental disorder and is not mentally ill was warranted by the facts (*see Matter of Kelly*, 265 AD2d 154 [1999]; *cf. Matter of Seltzer v Hogue*, 187 AD2d 230 [1993]; *Matter of Boggs v New York City Health & Hosps. Corp.*, 132 AD2d 340 [1987]).

Further, the facts developed at the hearing warrant the determination of the hearing court that the discharge order is consistent with the public safety and welfare of the community and Jeremiah S. The evidence at the hearing demonstrated that Jeremiah S. had a history of engaging in violent behavior, most notably the underlying criminal offenses. However, the evidence at the hearing also tended to show that Jeremiah S. had not engaged in violent behavior since the time of his release from inpatient treatment in 1996, and the District Attorney presented no evidence to the contrary. Jeremiah S. also had, according to the evidence at the hearing, a history of alcohol and cannabis abuse. The District Attorney presented evidence that Jeremiah S. had not abstained from these substances during his treatment and since his release from inpatient treatment. Nonetheless, one examining psychologist opined that Jeremiah S.'s ability to function adequately despite the occasional consumption of alcohol boded well for his long-term stability, and suggested that, though such behavior was not "ideal," Jeremiah S. had learned to manage his alcohol intake without developing symptoms of a substance abuse disorder. Similarly, an examining psychiatrist indicated that, since 1996, there had been no reports of substance abuse by Jeremiah S. Moreover, it was established at the hearing that the Commissioner's supervision

was not required to ensure that Jeremiah S. took 'medication, since the undisputed evidence presented at the hearing demonstrated that Jeremiah S. had not been on medication for at least 14 years.

Although one examining psychologist opined that Jeremiah S. was "not a good candidate" for discharge from the order of conditions, another examining psychologist and one examining psychiatrist recommended that the order of conditions should be terminated. Further, yet another examining psychologist indicated that there was no evidence that Jeremiah S.'s stability or behavior would change if the order of conditions were to be terminated.

On this record, the hearing court's determination that the issuance of a discharge order is consistent with the public safety and welfare of the community and Jeremiah S. is warranted by the facts (*see Matter of Kelly*, 265 AD2d 154 [1999]; *cf. Matter of Seltzer v Hogue*, 187 AD2d 230 [1993]; *Matter of Boggs v New York City Health & Hosps. Corp.*, 132 AD2d 340 [1987]). Rivera, J.P., Leventhal, Belen and Austin, JJ., concur.