In the Matter of STATE OF NEW YORK, Respondent, v CLARENCE D., Appellant. [917 NYS2d 700]—

This appeal arises from a proceeding pursuant to Mental Hygiene Law article 10, also known as the Sex Offender Management and Treatment Act (hereinafter SOMTA). The appellant was convicted of sexual abuse in the first degree, upon his plea of guilty, based on a rape that occurred in March 1996. The appellant was sentenced to seven years of incarceration. At the same time, he was also sentenced to a 7-to-14-year indeterminate concurrent term of incarceration for an arson he had committed in 1994.

The appellant completed his sentence on the sexual abuse conviction in March 2003, but remained in prison on the arson conviction. As the date of the appellant's possible release date drew near, the State Commissioner of Mental Health appointed a case review team to perform an evaluation (see Mental Hygiene Law § 10.05 [a], [d], [e]). Based on the case review team's report, the Attorney General filed the instant petition for civil management of the appellant pursuant to SOMTA.

The Supreme Court conducted a nonjury trial (see Mental Hygiene Law § 10.07 [a], [b]), after which it found that the appellant was a "detained sex offender" under SOMTA and suffers from a "mental abnormality" as that phrase is defined in SOMTA (see Mental Hygiene Law § 10.07 [d]; § 10.03 [g], [i]). Thereafter, the Supreme Court conducted a dispositional hearing, after which it determined that the appellant was a danger-

ous sex offender requiring civil confinement and ordered such confinement (*see* Mental Hygiene Law § 10.07 [f]).

In reviewing a determination made after a nonjury trial, the power of the Appellate Division is as broad as that of the trial court and it may render the judgment it finds warranted by the facts, taking into account that in a close case the trial judge had the advantage of seeing and hearing the witnesses (*see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *6243 Jericho Realty Corp. v AutoZone, Inc.*, 71 AD3d 983, 984 [2010]; *see also Matter of Jeremiah S. [New York State Commr. of Mental Health]*, 69 AD3d 730, 732 [2010]).

The trial evidence supports the Supreme Court's determination that the appellant suffers from a "mental abnormality." SOMTA defines "mental abnormality" as "a congenital or acquired condition, disease or disorder that affects the emotional, cognitive, or volitional capacity of a person in a manner that predisposes him or her to the commission of conduct constituting a sex offense and that results in that person having serious difficulty in controlling such conduct" (Mental Hygiene Law § 10.03 [i]).

At trial, the State's experts, a psychologist and a psychiatrist, testified that the appellant suffered from pedophilia and that his continuing sexual attraction to children made it unlikely that he could control his impulses once he was released into the community. Under these circumstances, the Supreme Court's determination that the appellant suffers from a mental abnormality was warranted by the facts (*see* Mental Hygiene Law § 10.03 [i]; *Matter of State of New York v Derrick B.*, 68 AD3d 1124, 1126-1127 [2009]).

The Supreme Court properly determined, after the dispositional hearing, that the respondent is a dangerous sex offender requiring confinement (*see* Mental Hygiene Law § 10.07 [f]). At that hearing, the State's experts testified that the appellant's lack of social support, his inability to form relationships with adults, his lack of concern for other people, and his limited mental capacity made it likely that he would again abuse children if he were allowed to live in the community. Moreover, even though the appellant had successfully completed two sex offender treatment programs while incarcerated, statements he made to the State's expert showed that he had "backtracked significantly" and refused to take full responsibility for his actions. Although the appellant's expert testified at the dispositional hearing that the appellant was not a dangerous sex offender requiring confinement, he also acknowledged that the

appellant lacked the cognitive ability to integrate the material he learned in treatment and that he probably continued to be sexually attracted to children "given the chronicity of his pedophilia and the limited amount of treatment he has completed." Under these circumstances, the Supreme Court properly determined that the appellant is a dangerous sex offender requiring confinement and properly directed that he be committed to a secure treatment facility for care, treatment, and control until such time as he no longer requires confinement (*see* Mental Hygiene Law § 10.07 [f]; *Matter of State of New York v Derrick B.*, 68 AD3d at 1127).

The appellant's remaining contentions are without merit. Prudenti, P.J., Eng, Belen and Sgroi, JJ., concur.