■ In the Matter of STATE OF NEW YORK, Respondent, v ANDREW J.W., Appellant. [924 NYS2d 576]—

In a proceeding pursuant to Mental Hygiene Law article 10, Andrew J.W., an alleged sex offender requiring civil management, appeals from an order of the Supreme Court, Westchester County (Cohen, J.), dated November 10, 2009, which, upon a finding, made after a nonjury trial, that he suffers from a mental abnormality as defined in Mental Hygiene Law § 10.03 (i), and a determination made after a dispositional hearing that he is currently a dangerous sex offender requiring civil confinement, granted the petition and directed that he be committed to a secure treatment facility for care and treatment.

Ordered that the order is affirmed, without costs or disbursements.

In August 1984 the appellant Andrew J.W. was convicted of rape in the first degree, and sentenced to a term of 12½ to 25 years of imprisonment. Shortly before his release from prison, the State of New York filed a petition pursuant to Mental Hygiene Law article 10, also known as the Sex Offender Management and Treatment Act (hereinafter SOMTA) for the civil management of the appellant (*see* Mental Hygiene Law § 10.06 [a]). After conducting a nonjury trial (*see* Mental Hygiene Law § 10.07 [a], [b]), the Supreme Court found that the appellant suffers from a "[m]ental abnormality" as that phrase is defined in SOMTA (Mental Hygiene Law § 10.03 [i]). The Supreme Court then conducted a dispositional hearing, after which it determined that the appellant was a dangerous sex offender requiring confinement (*see* Mental Hygiene Law § 10.03 [e]).

In reviewing a determination made after a nonjury trial, the power of the Appellate Division is as broad as that of the trial court and it may render the judgment that it finds warranted by the facts, taking into account that in a close case the trial judge had the advantage of seeing and hearing the witnesses (*see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *Matter of State of New York v Clarence D.*, 82 AD3d 776 [2011]).

Contrary to the appellant's contention, the evidence presented at trial supports the Supreme Court's finding that he suffers from a "[m]ental abnormality," which is defined as "a congenital or acquired condition, disease or disorder that affects the emotional, cognitive, or volitional capacity of a person in a manner that predisposes him or her to the commission of conduct constituting a sex offense and that results in that person having serious difficulty in controlling such conduct" (Mental Hygiene Law § 10.03 [i]).

Here, both the psychologist who performed the initial clinical evaluation of the appellant pursuant to Mental Hygiene Law article 10, and the State's forensic expert who testified at trial, diagnosed the appellant as suffering from antisocial personality disorder (hereinafter ASPD) which causes him to commit sexual offenses against vulnerable women, and to have serious difficulty controlling his behavior. The appellant's expert witness also initially diagnosed the appellant as suffering from ASPD, but thereafter changed his diagnosis based upon review of a psychological evaluation performed in 1963. "The trier of fact is in the best position to evaluate the weight and credibility of conflicting expert medical and psychiatric testimony" (*Matter of State of New York v Donald N.*, 63 AD3d 1391, 1394 [2009]; *see Matter of State of New York v Jason H.*, 82 AD3d 778 [2011]). The Supreme Court's decision to credit the testimony of the State's expert witness instead of the testimony of the appellant's expert witness is supported by the record, and we find no basis to disturb it (*see Matter of State of New York v Clarence D.*, 82 AD3d 776 [2011]).

The Supreme Court also properly determined, after the dispositional hearing, that the appellant is a dangerous sex offender requiring confinement (*see* Mental Hygiene Law § 10.03 [e]; § 10.07 [f]; *Matter of State of New York v Anonymous*, 82 AD3d 1250 [2011]; *Matter of State of New York v Jason H.*, 82 AD3d 778 [2011]; *Matter of State of New York v Clarence D.*, 82 AD3d 776 [2011]; *Matter of State of New York v Steven L.*, 66 AD3d 788, 789-790 [2009]). Dillon, J.P., Balkin, Eng and Roman, JJ., concur.