The appellant, R.W, was twice convicted of offenses involving the molestation of children. The State of New York filed the instant petition for civil confinement pursuant to Mental Hygiene Law article 10 on July 31, 2008, the day before the appellant was scheduled to be released from the custody of the New York State Department of Correctional Services. At the ensuing nonjury trial, the State presented the testimony of an expert forensic psychologist, who testified that the appellant suffered from pedophilia, in addition to schizophrenia and antisocial personality disorder, that the appellant was unable to control his sexual impulses toward children, and that the appellant would be a danger to others if he was not confined to a secure facility. The appellant presented the testimony of his own expert forensic psychologist, who testified that the appellant was not a pedophile, but conceded that he did show some signs of pedophilia.
In an order dated March 31, 2010, the Supreme Court concluded that the appellant suffered from pedophilia, and was unable to control his impulses. In an order dated March 30, 2011, the same court found, by clear and convincing evidence, that the appellant was a dangerous sexual offender who required confinement. The Supreme Court directed that the appellant be *1011 committed to a secure facility until such time as he no longer required confinement. R.W. appeals.
A “[m]ental abnormality” is defined as “a congenital or acquired condition, disease or disorder that affects the emotional, cognitive, or volitional capacity of a person in a manner that predisposes him or her to the commission of conduct constituting a sex offense and that results in that person having serious difficulty in controlling such conduct” (Mental Hygiene Law § 10.03 [i]). A “[d]angerous sex offender requiring confinement” is defined under Mental Hygiene Law article 10 as “a person who is a detained sex offender suffering from a mental abnormality involving such a strong predisposition to commit sex offenses, and such an inability to control behavior, that the person is likely to be a danger to others and to commit sex offenses if not confined to a secure treatment facility” (Mental Hygiene Law § 10.03 [e]). The State must establish by clear and convincing evidence that the appellant is a dangerous sex offender requiring confinement (see Mental Hygiene Law § 10.11 [d] [4]; Matter of State of New York v Jason H., 82 AD3d 778, 779 [2011]).
In reviewing a determination made after a nonjury trial, the power of the Appellate Division is as broad as that of the trial court, and it may render the judgment it finds warranted by the facts, taking into account that in a close case the trial judge had the advantage of seeing and hearing the witnesses (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]; Matter of State of New York v Clarence D., 82 AD3d 776, 777 [2011]).
Here, the Supreme Court’s determination to credit the testimony of the State’s expert witness instead of the testimony of the appellant’s expert witness is supported by the record, and we find no basis to disturb it (see Matter of State of New York v Andrew J.W., 85 AD3d 805, 807 [2011]). Under these circumstances, the Supreme Court’s determination that the appellant suffers from a mental abnormality was warranted by the facts (see Mental Hygiene Law § 10.03 [i]; Matter of State of New York v Clarence D., 82 AD3d 776, 777 [2011]). The Supreme Court also properly determined, after the dispositional hearing, that the appellant is a dangerous sex offender requiring confinement (see Mental Hygiene Law §§ 10.03 [e]; 10.07 [f]; Matter of State of New York v Andrew J.W., 85 AD3d 805, 807 [2011]; Matter of State of New York v Clarence D., 82 AD3d 776, 777 [2011]). Dillon, J.P., Dickerson, Austin and Miller, JJ., concur.