■ In the Matter of STATE OF NEW YORK, Respondent, v LARRY B., Appellant. [979 NYS2d 397]—

Prior to his release from prison, where he was incarcerated for, inter alia, attempted sodomy in the first degree and sexual abuse in the first degree of a seven-year-old girl, the State of New York commenced this proceeding pursuant to Mental Hygiene Law article 10 seeking civil management of the appellant. Following a jury trial, the jury found that the appellant suffered from a mental abnormality within the meaning of Mental Hygiene Law § 10.03 (i). In addition, after a dispositional hearing, the Supreme Court determined that the appellant is a dangerous sex offender requiring civil confinement, rather than strict and intensive supervision and treatment (hereinafter SIST), and committed him to a secure treatment facility for care, treatment, and control until such time as he no longer requires confinement.

Although the expert testimony presented by the appellant conflicted with the expert testimony presented by the State, the jury's verdict finding that the appellant suffered from a mental abnormality predisposing him to commit sex offenses and causing him to have serious difficulty controlling his criminal sexual conduct within the meaning of Mental Hygiene Law § 10.03 (i) was supported by a fair interpretation of the evidence (*see Matter of State of New York v Edison G.*, 107 AD3d 723, 724 [2013]; *Matter of State of New York v Andre L.*, 84 AD3d 1248, 1250 [2011]; *Matter of State of New York v Timothy JJ.*, 70 AD3d 1138, 1142 [2010]; *Matter of State of New York v Shawn X.*, 69 AD3d 165, 169 [2009]; *Matter of State of New York v Derrick B.*, 68 AD3d 1124, 1126 [2009]).

Furthermore, the Supreme Court properly found, after the dispositional hearing, by clear and convincing evidence, that the appellant's level of dangerousness requires confinement rather than SIST (*see* Mental Hygiene Law § 10.07 [f]; *Matter of William II. v State of New York*, 110 AD3d 1282, 1283 [2013]; *Matter of State of New York v Lonard ZZ.*, 100 AD3d 1279, 1281 [2012]; *Matter of State of New York v Clarence D.*, 82 AD3d 776, 778 [2011]). Contrary to the appellant's contention, the fact that he was not arrested for any sex-related crimes during the approximately 15 months he was out on parole is not dispositive (*see Matter of State of New York v Jason H.*, 82 AD3d 778, 780 [2011]; *Matter of State of New York v Donald N.*, 63 AD3d 1391, 1394 [2009]). The Supreme Court's determination to credit the testimony of the State's expert witness instead of the testimony of the appellant's expert witness is supported by the record, and thus, we find no basis to disturb it (*see Matter of State of New York v Richard VV.*, 74 AD3d 1402, 1404 [2010]; *Matter of State of New York v R.W.*, 99 AD3d 1010, 1011 [2012]; *Matter of State of New York v Andrew J.W.*, 85 AD3d 805, 807 [2011]).

The appellant's remaining contention, that the Supreme Court committed reversible error in its handling of a jury note, is unpreserved for appellate review and, in any event, without merit. Dillon, J.P., Leventhal, Hall and Austin, JJ., concur.