In the Matter of STATE OF NEW YORK, Respondent, v ANGEL P., Appellant. [984 NYS2d 602]—

In a proceeding pursuant to Mental Hygiene Law article 10, Angel P., a detained sex offender allegedly requiring civil management, appeals from an order of the Supreme Court, Queens County (Knopf, J.), dated October 2, 2012, which, upon a finding in an order dated June 14, 2012, made after a nonjury trial, that he suffers from a mental abnormality as defined in Mental Hygiene Law § 10.03 (i), and, upon a determination, made after a dispositional hearing pursuant to Mental Hygiene Law § 10.07 (f), that he is currently a dangerous sex offender requiring civil confinement, in effect, granted the petition and directed that he be committed to a secure treatment facility for care, treatment, and control until such time as he no longer requires confinement.

Ordered that the order dated October 2, 2012, is affirmed, without costs or disbursements.

The appellant was convicted three times of felony offenses involving the sexual molestation of children. The State of New York filed the instant petition for civil management pursuant to Mental Hygiene Law article 10 on October 23, 2009, shortly before the appellant was scheduled to be released from the

custody of the New York State Department of Correctional Services in connection with his third such offense. At the ensuing nonjury trial, the State presented the testimony of two expert forensic psychologists; one testified that the appellant suffers from pedophilia and sexual sadism, and the other testified that the appellant suffers from pedophilia. Both testified that the appellant suffers from a mental abnormality, as defined in Mental Hygiene Law § 10.03 (i). At the dispositional hearing, the State's expert testified that the appellant has such a strong predisposition to commit sex offenses, and such an inability to control his sexual impulses toward children, that he would be a danger to others if he were not confined to a secure treatment facility. The appellant presented the testimony of his own expert forensic psychologist, who conceded that the appellant suffers from pedophilia, but testified that he does not suffer from a mental abnormality as defined in Mental Hygiene Law § 10.03 (i), and that he is not a dangerous sex offender requiring civil confinement.

In an order dated June 14, 2012, the Supreme Court concluded that clear and convincing evidence established that the appellant suffers from a mental abnormality and that he is a dangerous sex offender who requires confinement. In a later order dated October 2, 2012, the Supreme Court directed that the appellant be committed to a secure facility until such time as he no longer requires confinement.

A "mental abnormality" is defined as "a congenital or acquired condition, disease or disorder that affects the emotional, cognitive, or volitional capacity of a person in a manner that predisposes him or her to the commission of conduct constituting a sex offense and that results in that person having serious difficulty in controlling such conduct" (Mental Hygiene Law § 10.03 [i]). A "[d]angerous sex offender requiring confinement" is defined under Mental Hygiene Law article 10 as a "person who is a detained sex offender suffering from a mental abnormality involving such a strong predisposition to commit sex offenses, and such an inability to control behavior, that the person is likely to be a danger to others and to commit sex offenses if not confined to a secure treatment facility" (Mental Hygiene Law § 10.03 [e]). The State must establish by clear and convincing evidence that the person suffers from a mental abnormality and is a dangerous sex offender requiring confinement (see Mental Hygiene Law § 10.07 [f]).

In reviewing a determination made after a nonjury trial, the power of the Appellate Division is as broad as that of the trial court, and it may render the judgment it finds warranted by the

facts, taking into account that in a close case the trial judge had the advantage of seeing and hearing the witnesses (*see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *Matter of State of New York v Clarence D.*, 82 AD3d 776, 777 [2011]).

Here, the Supreme Court's determination to credit the testimony of the State's expert witnesses instead of the testimony of the appellant's expert witness is supported by the record, and we find no basis to disturb it (*see Matter of State of New York v R.W.*, 99 AD3d 1010, 1011 [2012]).

The appellant's remaining contentions are without merit.

Under the circumstances of this case, the Supreme Court's determination that the appellant suffers from a mental abnormality was warranted by the facts (*see* Mental Hygiene Law § 10.03 [i]; *Matter of State of New York v R.W.*, 99 AD3d at 1011). The Supreme Court also properly determined, after the dispositional hearing, that the appellant is a dangerous sex offender requiring confinement (*see* Mental Hygiene Law § 10.03 [e]; *Matter of State of New York v Clarence D.*, 82 AD3d at 776-777; *Matter of State of New York v R.W.*, 99 AD3d at 1011). Dillon, J.P., Hall, Austin and Duffy, JJ., concur.