■ In the Matter of STATE OF NEW YORK, Respondent, v LEROY P., Appellant. [995 NYS2d 596]—

In a proceeding pursuant to Mental Hygiene Law article 10 for the civil management of Leroy P., an alleged sex offender requiring civil management, Leroy P. appeals, as limited by his brief, from so much of an order of commitment of the Supreme Court, Westchester County (Cacace, J.), dated August 16, 2012, as, after a dispositional hearing pursuant to Mental Hygiene Law § 10.07 (f), determined that he is currently a dangerous sex offender requiring confinement in a secure treatment facility, granted the petition, and directed that he be committed to a secure treatment facility for care and treatment.

Ordered that the order of commitment is affirmed insofar as appealed from, without costs or disbursements.

Prior to the appellant's release from prison, where he was incarcerated upon his conviction of course of sexual conduct against a seven-year-old girl, the State of New York commenced this proceeding pursuant to Mental Hygiene Law article 10 seeking civil management of the appellant. The issue of whether the appellant suffered from a mental abnormality was tried before a jury, where two experts for the State, Dr. Tricia Peterson and Dr. Richard M. Hamill, testified that they diagnosed the appellant as suffering from pedophilia. Dr. Hamill authenticated his report detailing his findings as to the appellant's history and diagnosis, and used it as an aid during his testimony, but the report itself was not admitted into evidence during the jury trial. Following the jury trial, the jury found

that the appellant suffered from a mental abnormality within the meaning of Mental Hygiene Law § 10.03 (i). After the completion of the jury trial, but before the commencement of the required dispositional hearing on the issue of whether the appellant was a dangerous sex offender requiring civil confinement, or whether he could be released and managed through strict and intensive supervision and treatment (hereinafter SIST), Dr. Hamill died.

At the dispositional hearing, the appellant's attorney sought to admit the whole of Dr. Hamill's report, including his opinion recommending that the appellant's participation in a SIST regimen was an appropriate disposition. The Supreme Court denied so much of the appellant's application as sought to admit Dr. Hamill's opinion, concluding that it constituted inadmissible hearsay. After the dispositional hearing, the Supreme Court determined that the appellant was a dangerous sex offender requiring civil confinement, rather than participation in a SIST regimen. In an order of commitment dated August 16, 2012, the Supreme Court committed the appellant to a secure treatment facility for care, treatment, and control. The appellant does not contest the jury's finding that he suffered from a mental abnormality. Rather, he appeals only from so much of the order of commitment as committed him to a secure facility rather than directing his participation in a SIST regimen.

After the dispositional hearing, the Supreme Court properly found, by clear and convincing evidence, that the appellant's level of dangerousness required confinement, rather than his participation in a SIST regimen (see Mental Hygiene Law § 10.07 [f]; Matter of William II. v State of New York, 110 AD3d 1282, 1283 [2013]; Matter of State of New York v Lonard ZZ., 100 AD3d 1279, 1281 [2012]; Matter of State of New York v Clarence D., 82 AD3d 776, 778 [2011]). The Supreme Court's determination to credit the testimony of Dr. Peterson, one of the State's expert witnesses, instead of the testimony of Dr. Eric Goldsmith, the appellant's expert witness, is supported by the record and, thus, we find no basis to disturb it (see Matter of State of New York v R.W., 99 AD3d 1010, 1011 [2012]; Matter of State of New York v Andrew J.W., 85 AD3d 805, 807 [2011]; Matter of State of New York v Richard VV., 74 AD3d 1402, 1404 [2010]).

The Supreme Court incorrectly denied so much of the appellant's application at the dispositional hearing as sought to admit into evidence that portion of Dr. Hamill's report which set forth his opinion that the appellant's participation in a SIST regimen was appropriate. Dr. Hamill testified during the jury trial on the

issue of the appellant's mental abnormality, and authenticated his report. Mental Hygiene Law § 10.08 (g), which provides, in pertinent part, that in all proceedings or hearings held pursuant to Mental Hygiene Law article 10, except for probable cause hearings and certain SIST-related proceedings, the relevant written reports of psychiatric examiners "shall be admissible" upon "a showing of the author's unavailability to testify, or other good cause." Thus, Dr. Hamill's opinion, as set forth in his written report, was admissible at the dispositional hearing pursuant to Mental Hygiene Law § 10.08 (g).

Although the Supreme Court erred in declining to admit the opinion portion of Dr. Hamill's report into evidence, the court was nonetheless made aware of Dr. Hamill's recommendation that SIST was appropriate through the testimony of Dr. Goldsmith, who read Dr. Hamill's report and agreed with his recommendation that the appellant should be directed to participate in a SIST regimen rather than be confined. However, the court had also received into evidence the expert opinion of Dr. Peterson on behalf of the State, which recommended confinement, and Dr. Goldsmith's contrary expert testimony on behalf of the appellant, which recommended his participation in a SIST regimen. Accordingly, there was admissible evidence before the Supreme Court sufficient to evaluate the conflicting recommendations, and upon which it could find that the appellant is a dangerous sex offender requiring confinement (*see* Mental Hygiene Law § 10.07 [f]). There is "no reasonable possibility" that had Dr. Hamill's recommendation not been excluded, the court would have reached a different disposition (*Matter of State of New York v John S.*, 23 NY3d 326, 348 [2014] [internal quotation marks omitted]; *see Matter of State of New York v Mark S.*, 87 AD3d 73, 78 [2011]; *Matter of State of New York v Fox*, 79 AD3d 1782, 1783 [2010]). Balkin, J.P., Leventhal, Maltese and LaSalle, JJ., concur.