■ In the Matter of State of New York, Respondent, v Eric P., Appellant. [2 NYS3d 226]—

In a proceeding pursuant to Mental Hygiene Law article 10 for the civil management of Eric P., an alleged sex offender requiring civil management, Eric P. appeals, as limited by his

brief, from so much of an order of the Supreme Court, Nassau County (Calabrese, J.), entered May 31, 2013, as, after a dispositional hearing pursuant to Mental Hygiene Law § 10.07 (f), directed that he be committed to a secure treatment facility for care and treatment.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court properly found, by clear and convincing evidence, after a dispositional hearing, that the appellant's level of dangerousness required that he be confined to a secure treatment facility for care and treatment, rather than be subject to strict and intense supervision and treatment (hereinafter SIST) (*see* Mental Hygiene Law § 10.07 [f]; *Matter of State of New York v Edison G.*, 107 AD3d 723 [2013]; *Matter of State of New York v Andre L.*, 84 AD3d 1248, 1251 [2011]; *Matter of State of New York v Clarence D.*, 82 AD3d 776, 778 [2011]).

Contrary to the appellant's contention, Mental Hygiene Law § 10.08 (g) does not prohibit the admission into evidence of a psychiatric examiner's report when the author testifies at a dispositional hearing. On the contrary, the clear intent of the provision is that, in all proceedings or hearings held pursuant to Mental Hygiene Law article 10, except for probable cause hearings and certain SIST-related proceedings, when a psychiatric examiner who authors a report does not testify, his or her report is inadmissible in the absence of a showing that the author is unavailable to testify, or other good cause (*see e.g. Matter of State of New York v Leroy P.*, 122 AD3d 638 [2014]). Accordingly, the Supreme Court properly admitted into evidence the report of the psychiatric examiner who testified for the State at the dispositional hearing.

The Supreme Court providently exercised its discretion in denying the two requests by the appellant's attorney to adjourn the dispositional hearing, as the record fails to demonstrate that the appellant was prejudiced by the denial of either request (*see People v Struss*, 79 AD3d 773 [2010]; *People v McRae*, 62 AD3d 723 [2009]).

To the extent that the appellant argues that his counsel was ineffective, the record does not reflect that the appellant's counsel was ineffective.

The appellant's remaining contentions are either unpreserved for appellate review or without merit. Mastro, J.P., Leventhal, Miller and Maltese, JJ., concur.