Appeal from an order of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated May 16, 2016. The order, after a jury trial and a dispositional hearing, granted the petition pursuant to Mental Hygiene Law article 10 and directed that the appellant be committed to a secure treatment facility until such time as he no longer requires confinement.
 

 Ordered that the order is affirmed, without costs or disbursements.
 

 The State of New York commenced this proceeding pursuant to Mental Hygiene Law article 10 for the civil management of the appellant, a convicted sex offender. Following a trial, the jury found that the appellant suffers from a “mental abnormality” as defined by the Mental Hygiene Law. Thereafter, following a separate dispositional hearing, the Supreme Court determined that the appellant is a dangerous sex offender requiring civil confinement, and thereupon granted the petition and directed that the appellant be committed to a secure treatment facility until such time as he no longer requires confinement.
 

 Contrary to the appellant’s contention, the evidence was legally sufficient to support the jury’s determination that he suffers from a mental abnormality within the meaning of Mental Hygiene Law § 10.03 (i) (see Matter of State of New York v Ian I., 127 AD3d 766, 767 [2015]; Matter of State of New York v Raul L., 120 AD3d 52 [2014]), and the jury’s verdict was not contrary to the weight of the evidence (see Matter of State of New York v Raul L., 120 AD3d 52 [2014]). The competing opinions of the State’s and the appellant’s expert witnesses regarding the appellant’s diagnosis of sexual sadism disorder presented a credibility determination for resolution by the jury (see id. at 56; Matter of State of New York v Edison G., 107 AD3d 723 [2013]). The Supreme Court also properly found, after the dispositional hearing, by clear and convincing evidence, that the appellant’s level of dangerousness requires confinement rather than strict and intensive supervision (see Mental Hygiene Law § 10.07 [f]).
 

 The Supreme Court properly granted the State’s motion to unseal the records kept by the Office of the Suffolk County District Attorney and the Suffolk County Police Department regarding the defendant’s 2001 arrest for rape in the first degree. Mental Hygiene Law § 10.08 (c) provides, “Notwithstanding any other provision of law, the commissioner, the case review panel and the attorney general shall be entitled to request from any agency, office, department or other entity of the state, and such entity shall be authorized to provide upon . . . request, any and all records and reports relating to the respondent’s commission or alleged commission of a sex offense, the institutional adjustment and any treatment received by such respondent, and any medical, clinical or other information relevant to a determination of whether the respondent is a sex offender requiring civil management.” “The primary goal of the court in interpreting a statute is to determine and implement the Legislature’s intent” (Matter of Tompkins County Support Collection Unit v Chamberlin, 99 NY2d 328, 335 [2003]; see Artibee v Home Place Corp., 28 NY3d 739, 745 [2017]). Given the legislative purpose underlying Mental Hygiene Law § 10.08 (c), we have construed this statute to permit authorized parties to obtain records from local government entities in addition to State entities (see Matter of State of New York v Kerry K., 157 AD3d 172 [2d Dept 2017], citing Matter of State of New York v John S., 23 NY3d 326 [2014]). Thus, the court properly granted the State’s motion.
 

 The Supreme Court also properly denied the appellant’s motion to dismiss the petition on the ground that the State violated Mental Hygiene Law § 10.05 (e) and deprived him of due process by conducting two psychiatric evaluations of the appellant prior to filing the petition for civil management. The second evaluation was performed at the direction of the case review team following concerns with the adequacy of the initial report. The appellant was able to cross-examine members of the case review team regarding its determination that a second evaluation was required, and any risk of an erroneous deprivation of the appellant’s significant liberty interest was sufficiently mitigated by the State’s burden of proof at trial of establishing that the appellant suffers from a mental abnormality by clear and convincing evidence (see Mental Hygiene Law § 10.07 [d]; Matter of State of New York v Floyd Y., 22 NY3d 95 [2013]; Matter of K.L., 1 NY3d 362, 373 [2004]).
 

 The appellant’s remaining contention is without merit.
 

 Balkin, J.P., Leventhal, Austin and Iannacci, JJ., concur.