Matter of State of New York v Claude McC. (2018 NY Slip Op 05177)





Matter of State of New York v Claude McC.


2018 NY Slip Op 05177


Decided on July 11, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 11, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
SANDRA L. SGROI
JOSEPH J. MALTESE, JJ.


2016-08143
 (Index No. 8441/13)

[*1]In the Matter of State of New York, respondent,
v
Claude McC. (Anonymous), appellant.


Mental Hygiene Legal Service, Mineola, NY (Michael Neville, Lisa Volpe, and Dennis B. Feld of counsel), for appellant.
Barbara D. Underwood, Attorney General, New York, NY (Steven C. Wu and Matthew W. Grieco of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to Mental Hygiene Law article 10, Claude McC. appeals from an order of the Supreme Court, Kings County (Dineen Ann Riviezzo, J.), dated June 20, 2016. The order, upon a finding, made after a nonjury trial, that Claude McC. suffers from a mental abnormality as defined by Mental Hygiene Law § 10.03(i) and a determination, made after a dispositional hearing, that he is a sex offender requiring strict and intensive supervision, in effect, granted the petition and directed that he be subject to a regimen of strict and intensive supervision and treatment.
ORDERED that the order is affirmed, without costs or disbursements.
The State of New York commenced this proceeding pursuant to Mental Hygiene Law article 10, known as the Sex Offender Management and Treatment Act, seeking the civil management of the appellant, who was convicted of a sex offense. Following a nonjury trial, the Supreme Court found that the appellant suffers from a mental abnormality within the meaning of Mental Hygiene Law § 10.03(i). The appellant challenges this finding on appeal.
In reviewing a finding made after a nonjury trial, the power of this Court is as broad as that of the trial court, and this Court may render the judgment that it finds warranted by the facts, taking into account that in a close case the trial judge had the advantage of seeing and hearing the witnesses (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499).
Contrary to the appellant's contention, the Supreme Court's finding that he suffers from a "[m]ental abnormality," that is, "a congenital or acquired condition, disease or disorder that affects the emotional, cognitive, or volitional capacity of a person in a manner that predisposes him or her to the commission of conduct constituting a sex offense and that results in that person having serious difficulty in controlling such conduct" (Mental Hygiene Law § 10.03[i]), is warranted by the facts (see Matter of the State of New York v Clarence D., 82 AD3d 776, 777; see also Matter of State of New York v Floyd Y., 30 NY3d 963). Specifically, the State's experts testified that the appellant [*2]suffers from pedophilia, antisocial personal disorder with psychopathy, and cannabis dependence. The State's experts further opined that the appellant had "serious difficulty in controlling" his sexual conduct based upon the interaction of these conditions, as well as his continued drug use, his failure to make meaningful progress in treatment, and his commission of a prison disciplinary infraction which involved threatening female staff with sadistic sexual behavior. Although the appellant's expert witness disagreed with some of these conclusions, the court's determination to credit the testimony of the State's expert witnesses instead of the testimony of the appellant's expert witness is supported by the record, and we find no basis to disturb it (see State v Kerry K., 157 AD3d 172, 185).
The appellant's remaining contention is without merit.
MASTRO, J.P., CHAMBERS, SGROI and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court