Matter of State of New York v Roderick L. (2018 NY Slip Op 05317)





Matter of State of New York v Roderick L.


2018 NY Slip Op 05317


Decided on July 18, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 18, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2017-02202
 (Index No. 5545/13)

[*1]In the Matter of State of New York, respondent,
v
Roderick L. (Anonymous), appellant.


Mental Hygiene Legal Service, Mineola, NY (Michael Neville, Lisa Volpe, and Dennis B. Feld of counsel), for appellant.
Barbara D. Underwood, Attorney General, New York, NY (Steven C. Wu and Mark S. Grube of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to Mental Hygiene Law article 10, Roderick L. appeals from an order of the Supreme Court, Dutchess County (Peter M. Forman, J.), dated January 13, 2017. The order, upon a finding, made after a jury trial, that Roderick L. suffers from a mental abnormality as defined in Mental Hygiene Law § 10.03(i) and a determination, made after a dispositional hearing, that he is a dangerous sex offender requiring civil confinement, in effect, granted the petition and directed that he be committed to a secure treatment facility for care and treatment.
ORDERED that the order is affirmed, without costs or disbursements.
In June 2000, the appellant was convicted, upon his plea of guilty, of attempted rape in the first degree for a sexual assault he committed on December 23, 1999, against the eight-year-old daughter of his then-girlfriend. Prior to the release of the appellant from prison, the State of New York commenced this proceeding pursuant to Mental Hygiene Law article 10, alleging that the appellant is a sex offender requiring civil management (see Mental Hygiene Law § 10.06[a]). A jury trial was held, after which the jury found that the appellant suffers from a "mental abnormality," as defined in Mental Hygiene Law § 10.03(i) (see Mental Hygiene Law § 10.07). Following a dispositional hearing, the Supreme Court determined that the appellant is a dangerous sex offender requiring civil confinement (see Mental Hygiene Law § 10.07[f]; see also Mental Hygiene Law § 10.03[e]), in effect, granted the petition, and directed that the appellant be committed to a secure treatment facility and receive further treatment.
Contrary to the appellant's contention, legally sufficient evidence supported the jury [*2]verdict since there was a valid line of reasoning by which the jury could conclude that the appellant suffered from a mental abnormality as defined in Mental Hygiene Law § 10.03(i) (see Matter of State of New York v David B., 156 AD3d 793, 793; Matter of State of New York v Ian I., 127 AD3d 766, 767-768; Matter of State of New York v Raul L., 120 AD3d 52, 59). Additionally, the verdict was not contrary to the weight of the evidence, as it was supported by a fair interpretation of the evidence (see Matter of State of New York v David B., 156 AD3d at 793; Matter of State of New York v Ian I., 127 AD3d at 768).
We agree with the Supreme Court's determination to admit certain hearsay evidence regarding allegations in the indictment of sexual assaults committed by the appellant against the eight-year-old child other than the count to which he was allowed to plead guilty. That evidence was sufficiently reliable and the probative value of the evidence in assisting the jury to evaluate the experts' opinions substantially outweighed its prejudicial effect (see Matter of State of New York v John S., 23 NY3d 326, 345; Matter of State of New York v Kerry K., 157 AD3d 172, 187). Although the court should not have admitted hearsay evidence regarding uncharged allegations of sexual assaults against the eight-year-old child's six-year-old sister, the error was harmless (see Matter of State of New York v John S., 23 NY3d at 347-348; Matter of State of New York v James M., 140 AD3d 1178, 1179).
We agree with the Supreme Court's determination to permit the grand jury minutes to be released pursuant to Mental Hygiene Law § 10.08(c) and relied upon by the experts (see Matter of State of New York v John S., 23 NY3d at 341-342; Matter of State of New York v Kerry K., 157 AD3d at 184).
We also agree with the Supreme Court's determination to grant the State's application to admit into evidence the written report of its unavailable expert (see Matter of State of New York v Leroy P., 122 AD3d 638, 640). Contrary to the appellant's contention, the evidence was not cumulative to the testimony of the State's testifying expert (see Matter of State of New York v Justin D., 145 AD3d 735, 736; Matter of State of New York v Leroy P., 122 AD3d at 640).
Furthermore, we agree with the Supreme Court's finding, after the dispositional hearing, by clear and convincing evidence, that the appellant's level of dangerousness requires confinement (see Mental Hygiene Law § 10.07[f]; Matter of State of New York v Larry B., 113 AD3d 865, 867).
DILLON, J.P., LEVENTHAL, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court