Matter of State of New York v Ted B. (2019 NY Slip Op 05550)





Matter of State of New York v Ted B.


2019 NY Slip Op 05550


Decided on July 10, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 10, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2018-02766
 (Index No. 1981/10)

[*1]In the Matter of State of New York, respondent,
v
Ted B. (Anonymous), appellant.


Mental Hygiene Legal Service, Garden City, NY (Michael D. Neville, Timothy M. Riselvato, and Dennis B. Feld of counsel), for appellant.
Letitia James, Attorney General, New York, NY (Andrew W. Amend and Amit R. Vora of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to Mental Hygiene Law article 10 for the civil management of Ted B., a sex offender allegedly requiring civil management, Ted B. appeals from an order of the Supreme Court, Orange County (Nicholas De Rosa, J.), dated December 4, 2017. The order, upon a finding, made after a nonjury trial, that Ted B. suffers from a mental abnormality as defined in Mental Hygiene Law § 10.03(i), and upon a determination, made after a dispositional hearing, that he is a dangerous sex offender requiring civil confinement, in effect, granted the petition and directed that he be committed to a secure treatment facility until such time as he no longer requires confinement.
ORDERED that the order is reversed, on the law, without costs or disbursements, the determination that Ted B. is a dangerous sexual offender requiring civil confinement is vacated, and the matter is remitted to the Supreme Court, Orange County, for the determination and imposition of a regimen of strict and intensive supervision and treatment in accordance with Mental Hygiene Law § 10.11.
In 1993, the appellant was convicted of a number of felony offenses, including five counts of rape in the first degree, five counts of sodomy (now criminal sexual act) in the first degree, and one count of sexual abuse in the first degree, and was sentenced to an aggregate indeterminate term of 13 to 26 years of imprisonment. Prior to the appellant's scheduled discharge date, the State of New York commenced this proceeding pursuant to Mental Hygiene Law article 10, alleging that he was a sex offender requiring civil management. A nonjury trial was held, after which the Supreme Court found that the appellant suffered from a mental abnormality as defined in Mental Hygiene Law § 10.03(i). Following a dispositional hearing, the court determined that he was a dangerous sex offender requiring civil confinement. He appealed from the order making that determination, and this Court found, inter alia, that there was insufficient evidence to determine that the appellant had validly waived his right to a jury trial. Accordingly, this Court reversed the order appealed from and remitted the matter to the Supreme Court, Orange County, for a new trial on the issue of mental abnormality and, if necessary, a new dispositional hearing (see Matter of State of New York v Ted B., 132 AD3d 28).
Upon remittitur, the appellant waived his right to a jury trial on the record, and the Supreme Court conducted a new nonjury trial on the issue of mental abnormality and again found that the appellant suffered from a mental abnormality and was a detained sex offender requiring civil management. The court then accepted additional evidentiary submissions from the parties, heard oral argument at the dispositional hearing, and determined that the appellant "is a dangerous sex offender suffering from a mental abnormality involving such a strong pre-disposition to commit sex offenses and such an inability to control behavior, that he is likely to be a danger to others and is likely to commit sex offenses, if not confined to a secure treatment facility." The court granted the petition and directed that the appellant be committed to a secure treatment facility until such time as he no longer requires confinement.
Initially, we reject the appellant's contention that the evidence presented by the State was legally insufficient to prove, by clear and convincing evidence, that he suffers from a mental abnormality, or that the Supreme Court's determination in that regard was against the weight of the evidence (see Matter of State of New York v Kerry K., 157 AD3d 172, 185; Matter of State of New York v David B., 156 AD3d 793, 793; Matter of State of New York v Ted B., 132 AD3d at 31; Matter of State of New York v Raul L., 120 AD3d 52, 59-60). The conflicting opinions of the State's and the appellant's expert witnesses regarding the appellant's diagnosis of sexual sadism disorder presented a credibility question (see Matter of State of New York v David B., 156 AD3d at 793). The court's determination to credit the testimony of the State's expert witness is supported by the record, and there is no basis for disturbing it.
However, we find that the State failed to sustain its burden of proving by clear and convincing evidence that the appellant has such an inability to control his behavior that he is likely to be a danger to others and to commit sex offenses if not confined to a secure treatment facility (see Mental Hygiene Law § 10.07[f]; Matter of State of New York v Michael M., 24 NY3d 649, 659). The Mental Hygiene Law "clearly envisages a distinction between sex offenders who have difficulty controlling their sexual conduct and those who are unable to control it. The former are to be supervised and treated as outpatients' and only the latter may be confined" (Matter of State of New York v Michael M., 24 NY3d at 659).
Here, the State failed to present clear and convincing evidence that the appellant has an "inability to control sexual misconduct" (id.). In this regard, the State relied on, inter alia, the testimony of Dr. Stuart Kirschner, a psychologist, at the mental abnormality trial; a "dispositional addendum" report that Kirschner submitted; and a report from a psychologist for the New York State Office of Mental Health, Dr. Trevor Floyd. While Kirschner testified that the appellant had difficulty controlling his actions due to certain impulse control problems, Kirschner also testified that it was "very difficult" to ascertain whether an individual committed a crime because he or she was unable to control his or her conduct or because he or she chose not to control it, and that the distinction between the two was largely "irrelevant." This testimony, considered in conjunction with the other evidence presented by the State, was not sufficient to support a finding, by clear and convincing evidence, that the appellant had an "inability to control sexual misconduct" (id. [emphasis added]). Furthermore, Floyd's report, which was based on his own interview with and psychological testing of the appellant, opined that there was insufficient evidence to conclude that the appellant had an inability to control his behavior such that he was a danger to others. The appellant's expert reached a similar conclusion, opining that the appellant was a "good candidate for release under conditions of strict and intensive supervision and treatment."
In view of the foregoing, the State failed to sustain its burden of proving that the appellant was a dangerous sex offender requiring civil confinement. Accordingly, we remit the matter to the Supreme Court, Orange County, for the determination and imposition of a regimen of strict and intensive supervision and treatment in accordance with Mental Hygiene Law § 10.11.
The appellant's remaining contention is academic in light of our determination.
MASTRO, J.P., LEVENTHAL, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court